Levy's Store, Inc., Respondent, *v.* Endicott-Johnson Corporation, Defendant, and International Shoe Company, Appellant.

(Argued October 7, 1936; decided November 24, 1936.)

*Harold Remington* for appellant.

*Hiram S. Gans* for respondent.

HUBBS, J. This is an action for malicious prosecution based on the allegation that the appellant maliciously and without probable cause joined in a petition in involuntary bankruptcy filed against respondent. The defendant Endicott-Johnson Corporation has paid one-half of a $7,500 judgment entered upon the verdict of a jury in favor of the respondent. The defendant-appellant International Shoe Company appealed to the Appellate Division which affirmed the judgment, one justice dissenting and voting to reverse and dismiss the complaint.

One Henry J. Levy was president of the respondent. He had been doing a small retail mercantile business at Winter Haven, Florida, for a number of years prior to 1928, when the respondent was incorporated. Thereafter Levy bought goods and advertised not alone in the corporate name but as well in his individual name and in the name of Levy's store. The defendant Endicott-Johnson Corporation had continued to bill goods to Henry J. Levy and in August, 1930, commenced an action against the respondent and Levy to recover the purchase price of goods billed to Levy. Immediately thereafter, the American National Bank of Winter Haven commenced an action against the respondent and Henry J. Levy on a joint note made by them. Thereupon, Levy, on September eleventh advertised a going out of business sale which advertisement was signed " Levy's, Winter Haven, Florida," and announced that the sale was in the hands of Morris Sales System. These advertisements were continued from time to time until October tenth, one being signed " Levy's, Inc.," and two " Levy's Store, Inc." Upon the publication of the first advertisement, the American National Bank of Winter Haven applied for a receiver of the respondent, not upon the ground of insolvency, but upon the ground that it believed that the respondent would fraudulently part with its property before judgment could be obtained against it. The order appointing a receiver permitted a continuation

of the sale by the Morris Sales System, but directed that the proceeds be paid over to the bank on account of its claim. The appellant had a claim for goods sold to Levy's Store, Inc., amounting to $171.78. On September 27, 1930, it received an R. G. Dun report announcing the institution of the suit by the bank, the appointment of the receiver, the issuing of an attachment and that the store was closed. Appellant placed its claim for collection with its general attorney who forwarded it to Allen & Dixon, attorneys at Tampa. They happened to be the attorneys who had instituted suit for Endicott-Johnson Corporation against the respondent and Henry J. Levy. They requested of respondent and Endicott-Johnson Corporation authority to institute bankruptcy proceedings which authority was given and on October seventeenth an involuntary petition was filed against respondent which listed as petitioning creditors the appellant, the defendant Endicott-Johnson Corporation and other claims totalling slightly over $500. The petition recited the sale by Endicott-Johnson Corporation to Levy, the transfer of the goods to Levy's Store, Inc., and the assumption of the indebtedness by Levy's Store, Inc.

In the action brought by Endicott-Johnson Corporation, the respondent answered and interposed the defense that the account attached to the declaration showed no claim against the respondent. Thereafter, and subsequent to the filing of the bankruptcy petition, Allen & Dixon, as attorneys for the Endicott-Johnson Corporation, stipulated a discontinuance of the action of that corporation as against the respondent. To the bankruptcy petition the respondent answered, denying insolvency. The respondent's property was released from the attachment upon the payment in full of the bank's claim about November fourteenth, and at about the same time the corporation, respondent, borrowed $2,550, advising an indorser of the note that it owed only about $1,000 in excess of $800 still due the American National Bank and

receiver's bills not exceeding $100. It guaranteed to the indorser that it would pay all the obligations of the corporation out of the money borrowed. In such letter it included appellant's claim as a debt of the corporation and with respect to the Endicott-Johnson Corporation's claim stated as follows: " Endicott Johnson Shoe Company, Endicott, New York claims a debt against the store of $195.31. I intend to contest this debt for I do not owe that much."

Thereafter, evidently believing payment of appellant's claim would be made, appellant's attorneys permitted the bankruptcy proceeding to be dismissed for want of prosecution. The result of the dismissal was that there was no proof of insolvency and no proof that the Endicott-Johnson Corporation's claim had been assumed by the respondent.

The only evidence upon the question of lack of probable cause to be found in the record is the fact that appellant was represented by attorneys who knew that the Endicott-Johnson Corporation's claim was nominally against Henry J. Levy; that those attorneys stipulated a discontinuance of the action on that claim as against respondent; that they knew the bank based its application for a receiver upon a belief that the respondent would fraudulently part with its property and with that information recited in the bankruptcy petition that the receivership was had because of insolvency and the further fact that the attorneys permitted a default in the bankruptcy proceedings. In view of the other undisputed facts in the case — the attachment of the respondent's stock of merchandise by the bank, the consent on the part of the respondent to the appointment of a receiver, the advertisement of the property for purposes of sale indiscriminately as property of Levy's, Levy's Store and Levy's Store, Inc., the fact that there was a levy by the sheriff as a result of which the store was closed and that an action had been instituted on the Endicott-Johnson Corporation's claim before action was started by the bank

— the evidence received for the purpose of proving lack of probable cause was insufficient as a matter of law to make a question of fact upon that issue.

The same evidence relied upon by respondent to show lack of probable cause for filing a petition in bankruptcy is also relied upon to establish the existence of actual malice. It is insufficient to present a question of fact. Since we hold it insufficient to show lack of probable cause, malice may not be inferred therefrom.

As stated in *Rawson* v. *Leggett* (184 N. Y. 504, 511): " The propriety of defendant's conduct  *  *  *  is to be decided by the facts as they appeared to be at the time the prosecution was instituted." Judged by that standard, appellant was justified in believing in the insolvency of the respondent. Such would be the belief of a discreet and prudent person. Evidence of after events such as dismissal of the bankruptcy proceedings or want of prosecution and release of the property of the respondent from the receivership while indicating that appellant may have been mistaken in that belief, does not destroy the force of the facts as they appeared when the petition was filed. Moreover, especially in view of subsequent admissions of indebtedness by respondent, its act in borrowing money upon the indorsement of a third party with a guaranty of payment of its indebtedness, and its act in paying part of the claims against it, lead equally to a conclusion that failure of appellant to continue prosecution of the bankruptcy proceeding was due to its belief that its claim was about to be paid and that need for further action on its part did not exist. It is so apparent from the record as a whole that claims included in the bankruptcy petition which nominally were against Levy personally in fact represented indebtedness of the corporation that we may not assume that the proceeding would have been dismissed for a lack of a sufficiency in number and amount of claims. There are also too many indications of insolvency on the part of respondent to

warrant a belief that the respondent could have avoided an adjudication on the ground that it was not insolvent.

It is true that where a proceeding has been determined in favor of the accused by judicial action of the proper court or official in any way involving the merits or propriety of the proceeding or by a dismissal or discontinuance based on some act chargeable to the complainant, as his consent or his withdrawal or abandonment of his prosecution, a foundation in this respect has been laid for an action of malicious prosecution. Where, however, the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties or solely by the procurement of the accused as a matter of favor or as the result of some act, trick or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action. The underlying distinction which leads to these different rules is apparent. In one case, the termination of the proceeding is of such a character as establishes or fairly implies lack of a reasonable ground for the prosecution. In the other. case, no such implication reasonably follows. (*Halberstadt* v. *New York Life Ins. Co.*, 194 N. Y. 1.)

Here the conduct of the respondent was such as to give the appellant reasonable ground for believing that respondent had obtained credit which would permit payment of its indebtedness and its act in so doing was the real cause of appellant's failure to prosecute in the bankruptcy proceeding. It is quite apparent from the record as a whole that it was the attachment proceeding and the receivership consented to by respondent and through which respondent's store was closed, which caused the damage, if any, suffered by the respondent, and the institution of the bankruptcy proceeding was the only course apparently open to appellant to prevent loss through preference of the attaching creditor. To permit it to be mulcted in damages for pursuing that course is manifestly an injustice.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., concurs in result.

Judgments reversed, etc.