■ PATRICIA S. BROWN, Respondent, v JOHN P. BROWN, Appellant. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered June 26, 1981 in Saratoga County, which denied defendant's motion to dismiss the complaint. At issue here is the sufficiency of the allegations in plaintiff's complaint which assert a cause of action seeking to recover damages for malicious prosecution. Specifically, defendant contends that termination of the criminal proceeding in favor of plaintiff, one of the elements of the tort of malicious prosecution (*Broughton v State of New York*, 37 NY2d 451, 457), is absent. Since this is a nonconverted motion to dismiss in which the parties

have submitted affidavits, the question is whether plaintiff has a cause of action (*Wolcott v Broughton,* 57 AD2d 1022), and dismissal is warranted only if the affidavits conclusively establish that plaintiff has no cause of action (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). The record reveals that the criminal proceeding against plaintiff was dismissed in the interests of justice at the request of the Assistant District Attorney prosecuting the case, and defendant contends that since the dismissal was not on the merits, the termination of the proceeding was not sufficient to support a cause of action based on malicious prosecution. Although *Heaney v Purdy* (29 NY2d 157, 160), relied upon by defendant, states that a termination "involving the merits" is required, we do not view this as precluding all dismissals not on the merits. Rather, we agree with the Second Department (see *Loeb v Teitelbaum,* 77 AD2d 92, 100, mod 80 AD2d 838) that *Heaney* (*supra*) does not alter the traditional rule enunciated in *Halberstadt v New York Life Ins. Co.* (194 NY 1, 10-11) where the court found the critical consideration to be whether the dismissal was of such a character that it establishes or fairly implies the lack of reasonable grounds for the prosecution. While this rule may be easy to state, its application to cases such as this, where the dismissal is not clearly on the merits, is difficult. In *Heaney v Purdy* (*supra*), a dismissal of the criminal proceeding for lack of subject matter jurisdiction was held to be insufficient, and an adjournment in contemplation of dismissal has similarly been found to be insufficient (*Lewis v Counts,* 81 AD2d 857). In contrast, a dismissal for lack of prosecution has been found to be sufficient (*Loeb v Teitelbaum,* 77 AD2d 92, *supra;* see, also, *Lenehan v Familo,* 79 AD2d 73, app dsmd 54 NY2d 680), as has the vacatur of a conviction, previously affirmed on appeal, brought about by motion of the prosecutor based on the discovery of "fresh evidence" that cast doubt on the sufficiency and trustworthiness of the trial evidence (*Whitmore v City of New York,* 80 AD2d 638, 639, app dsmd 54 NY2d 753). Accordingly, it is apparent from the foregoing that if the dismissal of the charges against plaintiff herein was based purely on the interests of justice without any regard to the merits of the case, plaintiff's action must fail (see *Dorak v County of Nassau,* 329 F Supp 497, affd 445 F2d 1023). If, on the other hand, the dismissal was based in part upon the sufficiency of the evidence, plaintiff's action cannot be dismissed (see *Whitmore v City of New York, supra*), and the lack of sufficient evidence may be inferred from the prosecutor's conduct (see *Chmielewski v Smith,* 73 AD2d 1053). Although the order dismissing the criminal proceeding here indicates that the dismissal was in the interests of justice, it further indicates that the dismissal was sought by the prosecutor, not plaintiff. Under these circumstances, it cannot be said at this juncture that as a matter of law the termination of the criminal proceeding does not fairly imply a lack of reasonable ground for the prosecution. Special Term, therefore, properly denied defendant's motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.