OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
In an action seeking money damages for false arrest, false imprisonment, and malicious prosecution, the defendant, State of New York, moves for an order granting summary judgment. (CPLR 3212.) The claimant has stipulated that an order be entered dismissing that portion of his claim that asserts a cause of action for false arrest and false imprisonment, leaving only the cause of action for malicious prosecution that need be addressed.
A cause of action for malicious prosecution is established when the claimant proves: (1) a commencement or continuation of a criminal proceeding by the defendant against the claimant, (2) the termination of the proceeding in favor of the claimant, (3) the absence of probable cause for the criminal proceeding, and (4) malice. (Martin v City of Albany, 42 NY2d 13; Broughton v State of New York, 37 NY2d 451, cert denied sub nom. Schanbarger v Kellogg, 423 US 929; Lenehan v Familo, 79 AD2d 73, appeal dismissed 54 NY2d 680.) Here, the defendant contends that the second and third element is lacking as a matter of law.
The facts are not in dispute. On October 31, 1982, a State conservation officer stopped and searched the claimant’s vehicle and found a loaded shotgun. Upon determining that it had been used to hunt deer, the officer examined the firearm and found *1016 that it was loaded with shells other than shells that carried a single round ball or a single slug. As a result, appearance tickets were issued charging the claimant with a violation of Environmental Conservation Law §§ 11-0901 and 11-0931. On November 4, 1982, the claimant appeared in the Town Court of the Town of Wolna and pleaded guilty to the charges. A fine of $50 was levied and was paid by the claimant. Shortly thereafter, the Town Justice, who had entertained the claimant’s plea, advised State Trooper R. M. Fritzen that he was of the belief that the claimant was a convicted felon at the time that he was charged with a violation of the Environmental Conservation Law and, if this proved to be correct, the claimant could additionally be charged with criminal possession of a weapon in the fourth degree, a class A misdemeanor. (Penal Law § 265.01 [4].) Upon receiving the information, Trooper Fritzen conducted a record check and found that on February 26, 1982, the claimant had been convicted of assault in the second degree, a class D felony. (Penal Law § 120.05.) Following the record check, Trooper Fritzen proceeded to the claimant’s home and advised him that he was the target of an investigation. After giving the claimant the requisite Miranda warnings, the claimant freely admitted that at the time of his arrest on October 31, 1982, he was in possession of a loaded shotgun. Armed with this information, Trooper Fritzen issued an appearance ticket and thereafter filed a simplified information with the Town Court charging the claimant with criminal possession of a weapon in the fourth degree. (Penal Law § 265.01 [4].) The claimant was arraigned and entered a plea of not guilty. Bail was set and he was later released. On May 27,1983, the charge was dismissed on the grounds that its prosecution was barred by CPL 40.40.
Turning first to the defendant’s contention that the claimant has failed to demonstrate that the prior criminal charge had terminated in his favor, it is noted that since there is no factual dispute as to the circumstances of the dismissal, the issue is one of law. (Loeb v Teitelbaum, 77 AD2d 92; Chmielewski v Smith, 73 AD2d 1053.)
The requirement of favorable termination has been described as a precondition to an action for malicious prosecution. (Munoz v City of New York, 18 NY2d 6.) It has been justified on the grounds that it avoids parallel litigation over the issues of probable cause and guilt (Heaney v Purdy, 29 NY2d 157) and it precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the *1017 same or identical transaction. (Loeb v Teitelbaum, 77 AD2d 92, supra.) Here, the question that must be resolved is whether a dismissal pursuant to CPL 40.40 qualifies as a favorable termination.
A favorable termination has been defined as one that in some way involves the merits of the case and is not procured by fraud or trick on the part of the claimant. (Halberstadt v New York Life Ins. Co., 194 NY 1.) It must be such as to indicate innocence. (Hollender v Trump Vil. Coop., 58 NY2d 420; Restatement [Second] of Torts § 660, comment a; Heaney v Purdy, supra.) Thus, an acquittal is obviously a favorable termination. Likewise, the following terminations have been held to be favorable to the claimant: dismissal for lack of evidence (Robbins v Robbins, 133 NY 597); discharge after dismissal of extradition proceedings (Keller v Butler, 246 NY 249); dismissal for lack of speedy trial (Reit v Meyer, 160 App Div 752); and a dismissal based in part on the sufficiency of the evidence. (Whitmore v City of New York, 80 AD2d 638, lv dismissed 54 NY2d 753.) On the other hand, the following terminations have been deemed insufficient to support an action for malicious prosecution: adjournment in contemplation of dismissal pursuant to CPL 170.55 (Hollender v Trump Vil. Coop., 58 NY2d 420, supra; Malanga v Sears, Roebuck & Co., 109 AD2d 1054 [4th Dept, Mar. 1, 1985]; but see, Goodman v Bass, NYLJ, Nov. 8,1982, p 14, col 2); where the prosecution ends by compromise or settlement (Zebrowski v Bobinski, 278 NY 332); where the court lacks subject matter jurisdiction (Heaney v Purdy, 29 NY2d 157, supra); and a dismissal based purely on the interests of justice. (Brown v Brown, 87 AD2d 680.)
CPL 40.40 is a procedural statute and unlike constitutional double jeopardy can be waived. (People v Cramer, 85 AD2d 832.) It prohibits a separate prosecution of joinable offenses that arise out of the same transaction and involve different and distinct elements* under circumstances wherein no violation of the double jeopardy principle can validly be maintained but equities nevertheless seem to preclude separate prosecution. (People v Lindsly, 99 AD2d 99.) There exist two categories where the preclusion is applied. The first bars a subsequent prosecution , when “one of two or more joinable offenses * * * is charged in an accusatory instrument, and * * * another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the people of evidence legally sufficient to *1018 support a conviction of the defendant for such uncharged offense, and * * * either a trial of the existing accusatory instrument is commenced or the action thereon is disposed of by a plea of guilty”. (CPL 40.40 [2].) Offenses are joinable in a single accusatory instrument if they arise out of the same transaction and the court has subject matter and geographical jurisdiction over both of them. (See, People v Riley, 58 AD2d 816.) In such cases, “[w]here the evidence against a person is in the prosecutor’s hands, he may not — as a player in a game of chance — deal out indictments one at a time.” (Matter of Auer v Smith, 77 AD2d 172, 189, appeal dismissed 52 NY2d 1070.) The second category protects an accused against piecemeal trials. It prohibits a second prosecution when two or more joinable “offenses are charged in separate accusatory instruments filed in the same court, and * * * an application by the defendant for consolidation thereof for trial purposes * * * is improperly denied”. (CPL 40.40 [3].)
From the foregoing, it is clear that a dismissal pursuant to CPL 40.40 does not qualify as a termination in favor of the claimant. As stated, it is strictly a procedural statute and has nothing to do with whether the underlying criminal proceeding is meritorious or not. Moreover, a dismissal pursuant to CPL 40.40 is neither an indicator of the guilt of the accused nor of his innocence. It is neutral in this regard.
The question whether Trooper Fritzen had probable cause to prosecute the claimant cannot be resolved as a matter of law. Although the trooper must be credited with having knowledge of CPL 40.40, a reasonably prudent person might conclude that the statute had no application in the event that the evidence should establish that the claimant’s prior conviction was not known to the People at the time of the disposition of the original charges under the Environmental Conservation Law. (People v Fletcher, 113 Misc 2d 5, petition for writ dismissed 87 AD2d 783, mot for stay denied 56 NY2d 806.) Conversely, a reasonably prudent person in Trooper Fritzen’s position might have concluded that the precondition (People’s knowledge of the claimant’s prior conviction) for the application of the statute had been met and that it was unlikely that a criminal conviction could have been obtained. (Cf. Blanchfield v State of New York, 104 Misc 2d 21; Tetreault v State of New York, 108 AD2d 1072 [3d Dept, Feb. 28, 1985].) In all likelihood, probable cause would be found under the first scenario and lacking under the second.
In any event, in view of the court’s finding that the criminal charge underlying the claimant’s action was not terminated in his favor, the State’s motion is granted.
*1019 Accordingly, it is ordered, that the State’s motion for summary judgment is granted and the clerk is directed to enter judgment in favor of the State dismissing claim No. 69055.

 Here, the charge of criminal possession of a weapon in the fourth degree required proof that the claimant was a prior felon, an element not required for conviction under Environmental Conservation Law §§ 11-0901 and 11-0931.