FRANCIS R. MACLEAY, Individually and as Administrator of the Estate of SYLVIA MACLEAY, Deceased, Appellant, v ARDEN HILL HOSPITAL et al., Respondents.

Third Department, November 29, 1990

**APPEARANCES OF COUNSEL**

*David Ullman* for appellant.

*Drake, Sommers, Loeb, Tarshis & Catania (Bernard Sommers* of counsel), for Arden Hill Hospital and another, respondents.

*David E. Worby (William E. Dumke* of counsel), for John Egberton and others, respondents.

**OPINION OF THE COURT**

CASEY, J.

This action arose out of a dispute which occurred while plaintiff's mother was hospitalized at defendant Arden Hill

Hospital during the final days of her struggle with terminal cancer. The dispute apparently centered on plaintiff's concerns about the medications administered to his mother. Although plaintiff characterizes his concerns as legitimate and reasonable, hospital staff apparently viewed the conduct of plaintiff and his brother as increasingly disruptive. After plaintiff's mother lost consciousness, the hospital obtained a court order authorizing treatment, and ultimately plaintiff and his brother were arrested upon a warrant issued after a hospital administrator filed a complaint charging them with criminal trespass.

Plaintiff commenced this action, *pro se,* against the hospital, the administrator who filed the complaint, the two police officers who arrested him and the municipality which employs the two officers. Plaintiff sued in his individual capacity and as the administrator of his mother's estate. In his brief on appeal from the order granting defendants' motions for summary judgment dismissing the complaint, plaintiff asserts that the complaint alleges causes of action on his behalf sounding in malicious prosecution, intentional infliction of emotional distress and "denial of civil and constitutional rights", and causes of action on his mother's behalf based upon false imprisonment and "denial of civil and constitutional rights".

One element of a malicious prosecution cause of action is the termination of a prior criminal proceeding in favor of the accused *(Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). In the case at bar, the criminal charges against plaintiff were dismissed in the interest of justice pursuant to CPL 170.40. In *Miller v Star* (123 AD2d 750, 751), the Second Department held that "a dismissal in the interest of justice [pursuant to CPL 170.40] is not an indication of innocence. Therefore, this type of disposition cannot, as a matter of law, constitute a resolution favorable to the accused." Plaintiff seeks to distinguish the *Miller* case on the ground that it was the defendant therein who sought dismissal in the interest of justice, whereas it was the prosecutor who sought the dismissal herein.

In *Ryan v New York Tel. Co.* (62 NY2d 494, 504-505), the Court of Appeals said: "[T]he eventual dismissal of the criminal charges on the motion of the prosecutor 'in the interest of justice' does not constitute an adjudication * * * of [plaintiff's] innocence of the charges. * * * A dismissal 'in the interest of justice' is neither an acquittal of of the charges nor any

determination of the merits. Rather, it leaves the question of guilt or innocence unanswered." We conclude, therefore, that the dismissal of the criminal charges herein, upon a motion by the prosecutor pursuant to CPL 170.40, is insufficient to sustain a cause of action to recover damages for malicious prosecution. To the extent that our holding in *Brown v Brown* (87 AD2d 680) is to the contrary, it is no longer valid in light of the Court of Appeals clear and unequivocal language in the *Ryan* case.

As to a claim for intentional infliction of emotional distress, plaintiff contends that this cause of action is one sounding in negligence and that summary judgment is rarely granted in negligence cases. The argument is patently incorrect. "The tort of intentional infliction of emotional distress predicates liability on the basis of extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143). Neither the complaint nor any of the motion papers allege such conduct.

Next, plaintiff contends that defendants failed to submit any evidence to rebut the allegation of the complaint that defendants held plaintiff's mother in the hospital against her will and, therefore, summary judgment dismissing any claim for false imprisonment should not have been granted to defendants. We agree with Supreme Court, however, that dismissal of the false imprisonment cause of action was appropriate. It is undisputed that the hospitalization of plaintiff's mother was purely voluntary at its inception, and plaintiff's conclusory allegation that his mother's hospitalization became involuntary as the result of his dispute with hospital staff is insufficient to establish a cause of action for false imprisonment *(see, Broughton v State of New York,* 37 NY2d 451, 456, *supra).*

Turning to the claimed "denial of civil and constitutional rights", we see no legal basis for these claims. In light of our affirmance of the dismissal of the malicious prosecution and false imprisonment causes of action, there is no merit in plaintiff's claim of a deprivation of liberty. Nor do we see any merit in plaintiff's claim that, as a result of his arrest, he was unable to pray at his mother's bedside, thereby resulting in a deprivation of religious rights.

As a final matter, we note that defendants' submission of an attorney's affidavit accompanied by relevant documentary material was sufficient to carry their burden as the proponent

of a summary judgment motion *(see, Zuckerman v City of New York,* 49 NY2d 557, 563). In light of our affirmance of the order dismissing the complaint, the appeal from the earlier orders concerning discovery is academic.

MAHONEY, P. J., WEISS, LEVINE and MERCURE, JJ., concur.

Appeal from orders entered August 23, 1988 and November 7, 1988 dismissed, as academic, without costs.

Order entered December 22, 1989 affirmed, without costs.