■ CHRISTOPHER M. MANNO, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 74120.)—Order, insofar as appealed from, unanimously reversed on the law without costs and cross motion granted. Memorandum: The Court of Claims erred in denying the State's cross motion for summary judgment dismissing claimant's false arrest and malicious prosecution causes of action. With respect to the issue of malicious prosecution, the uncontroverted evidence presented by the

State reveals that the criminal proceeding was not terminated in favor of the claimant *(see, Colon v City of New York,* 60 NY2d 78, 82, *rearg denied* 61 NY2d 670; *Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). Where, as here, the underlying criminal proceeding is dismissed in the interest of justice upon motion by the prosecution pursuant to CPL 170.40, the dismissal "is neither an acquittal of the charges nor any determination on the merits. Rather, it leaves the question of guilt or innocence unanswered" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 504-505). Because the dismissal does not result in a determination on the merits favorable to claimant, the cause of action for malicious prosecution should have been dismissed *(see, MacLeay v Arden Hill Hosp.,* 164 AD2d 228, *lv denied* 77 NY2d 806; *Jackson v County of Nassau,* 123 AD2d 834, *lv denied* 69 NY2d 608; *Miller v Star,* 123 AD2d 750).

Further, under the circumstances of this case, neither the alleged failure of the police to disclose that an earlier sworn statement by one of the participants in the burglary did not implicate claimant nor the failure to present alibi evidence to the Grand Jury rebutted the presumption of probable cause arising from the indictment *(see, Gisondi v Town of Harrison,* 72 NY2d 280; *cf., People v Townsend,* 127 AD2d 505, 507, *lv denied* 69 NY2d 1011; *People v Smalls,* 111 AD2d 38; *People v Rockwell,* 97 AD2d 853; *People v Filis,* 87 Misc 2d 1067). For the same reason, the claimed failure to disclose evidence was not sufficient to overcome the presumption arising from the arrest of claimant pursuant to a warrant *(see, Gisondi v Town of Harrison, supra; cf., Boose v City of Rochester,* 71 AD2d 59, 67). We further conclude that, based upon the sworn statements submitted in support of the warrant application, the State Police demonstrated probable cause for the issuance of the warrant. (Appeal from Order of Court of Claims, Corbett, Jr., J.—Summary Judgment.) Present—Callahan, A. P. J., Denman, Green, Balio and Davis, JJ.