■ TED COBB, Respondent, v SCOTT WILLIS, Appellant. [617 NYS2d 601] —Mikoll, J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 17, 1994 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

In this action, plaintiff seeks damages sustained as a result of his being arrested for disorderly conduct pursuant to Penal Law § 240.20. Plaintiff asserts claims against defendant for false arrest, false imprisonment and malicious prosecution stemming from defendant's initiation of a criminal complaint against plaintiff as a result of an incident occurring on November 24, 1991 at a bar known as "Joe's East-West" in the Town of New Paltz, Ulster County. Based on the criminal complaint, plaintiff was arrested by Troopers Rudolph Simmons and Kevin Kesick and taken before a Magistrate where he was arraigned and imprisoned pending the posting of bail. The disorderly conduct charge was ultimately dismissed in the interest of justice. The disposition order also notes that complainant failed to appear.

The issue before us is whether Supreme Court erred in not granting defendant's motion for summary judgment dismissing the complaint. Defendant urges that he was entitled to summary judgment on the malicious prosecution cause of action in that plaintiff has failed to establish that the underlying criminal proceeding was resolved in his favor *(see, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg* 423 US 929), a necessary element of

malicious prosecution. Defendant also contends that he is entitled to summary judgment with respect to the false arrest and false imprisonment causes of action as a matter of law.

Defendant's motion papers contain the pretrial testimony of defendant in which he avers that plaintiff threatened his life, that upon relaying this information to police he was instructed that a criminal complaint was available to him; that he filed a criminal complaint against plaintiff and thereafter plaintiff's arrest was effectuated by the police. In addition, the examinations before trial of Simmons and Kesick are included as part of the motion. Their sworn testimony tracks the deposition of defendant as to the filing of the criminal complaint and the arrest of plaintiff by them. They also attest to the fact that defendant did not participate in the actual arrest nor was he present at plaintiff's arraignment.

Plaintiff's affidavit in opposition contradicts defendant's version as to what transpired in the bar, in that defendant threatened him, and plaintiff alleges that defendant made false statements to the police and in the criminal complaint against him to maliciously precipitate his arrest. Annexed to the affidavit is a copy of the certificate of dismissal of the Penal Law § 240.20 complaint which indicates that the dismissal was in the interest of justice and that complainant (defendant) failed to appear for trial. Defendant affirms in a reply affidavit that he was never notified of the trial date of the criminal proceeding.

As to the causes of action for false arrest and false imprisonment, based upon a civilian complaint, the complainant is not liable in civil liability for false arrest unless he affirmatively induces the police officer to act. It is not controverted that defendant did not participate in plaintiff's arrest, nor did he participate in the arraignment proceeding which resulted in plaintiff being incarcerated pending the posting of bail. There is no liability for merely giving information to legal authorities, who are left entirely free to use their own judgment in effecting an arrest, or in swearing out a criminal complaint so that an arrest is legally authorized. Under the facts established by plaintiff, he is not responsible for the acts of the court or that of its officers. If any liability exists it would be for the misuse of legal process to affect a valid arrest for an improper purpose which is a cause of action for malicious prosecution (see, Broughton v State of New York, supra, at 453; Prosser and Keeton, Torts § 11 [5th ed]). The complaints of false arrest and false imprisonment against defendant must, therefore, be dismissed as a matter of law.

As to the cause of action for malicious prosecution, the elements thereof are misuse by defendant of legal process to effect a valid arrest for an improper purpose, malice on defendant's part, want of probable cause and a termination of the proceeding in favor of plaintiff. A dismissal in the interest of justice, as we have here, is neither an acquittal of charges nor a resolution of the complaint in plaintiff's favor (see, *Ryan v New York Tel. Co.,* 62 NY2d 494, 504; *Allen v Town of Colonie,* 182 AD2d 998, 1000; *MacLeay v Arden Hill Hosp.,* 164 AD2d 228, *lv denied* 77 NY2d 806). No circumstances have been presented here to establish that there were no reasonable grounds for the prosecution to be commenced. Also, we have no indication here that the prosecutor sought a dismissal of the criminal complaint so as to implicate our holding in *Brown v Brown* (87 AD2d 680, 681). A dismissal of the malicious prosecution cause of action is thus mandated.

Cardona, P. J., Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.