■ JAMES MACFAWN, JR., Respondent, v KERI A. KRESLER et al., Appellants. [625 NYS2d 728] —Peters, J. Appeal from an order of the Supreme Court (Kahn, J.), entered June 23, 1994 in Albany County, which denied defendants' motion to, *inter alia,* dismiss the complaint for failure to state a cause of action.

Plaintiff was employed by defendant Environmental Planning Lobby, Inc. (hereinafter EPL) and was supervised by defendant Keri A. Kresler until he was accused of stealing in March 1993. Kresler filed a criminal information against plaintiff alleging an attempted grand larceny in the fourth degree *(see,* Penal Law § 155.30 [4]; § 110.00). After being arrested and released on his own recognizance, plaintiff moved City Court to, *inter alia,* dismiss the information pursuant to CPL 170.30 (1) (a), (g) and 170.35 (1) (a). City Court dismissed the information, finding it to be "insufficient".

Plaintiff thereafter commenced this action for malicious prosecution alleging that Kresler, with EPL's express approval, maliciously charged plaintiff with the crime of attempted grand larceny. Defendants moved for dismissal of the complaint which was denied by Supreme Court. Defendants appeal.

Noting our limited scope of review on a motion to dismiss made pursuant to CPLR 3211 (a) (7) and that we must construe the complaint liberally in the plaintiff's favor *(see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936), where, as here, evidentiary materials have been submitted, our role is to determine as a matter of law "whether plaintiff *has* a cause of action, not whether he has properly stated one" *(supra,* at 918 [emphasis supplied]; *see, New York State Elec. & Gas Corp. v Aasen,* 157 AD2d 965, 966; *Brown v State of New York,* 125 AD2d 750, 751, *lv dismissed* 70 NY2d 747).

Thus viewing the complaint, it is well settled that to recover in a malicious prosecution action, plaintiff must prove "(1) the commencement or continuation of a criminal proceeding * * * (2) the termination of the proceeding in favor of the accused, (3) lack of probable cause, and (4) the presence of actual malice" *(Janendo v Town of New Paltz Police Dept.,* 211 AD2d 894, 897; *see, Colon v City of New York,* 60 NY2d 78, 82; *see also, Martin v City of Albany,* 42 NY2d 13, 16).

The primary issue on appeal is whether City Court's dismissal of the complaint due to its "insufficiency" constitutes a termination of the proceeding in plaintiff's favor. Plaintiff bears the burden of demonstrating that the proceeding terminated in his favor, which may be sustained only when the final disposition fairly implies his innocence *(see, Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425-426; Restatement [Second] of Torts § 660, comment *a).*

Dismissal of an information under CPL 170.35 (1) (a) and 170.30 (1) (a) is neither an acquittal nor an adjudication on the merits *(see, People v Nuccio,* 78 NY2d 102, 105; *Ryan v New York Tel. Co.,* 62 NY2d 494, 504). Even "look[ing] beyond that designation and consider[ing] the actual basis for the decision" *(Hankins v Great Atl. & Pac. Tea Co.,* 208 AD2d 111, 113), we note that plaintiff's supporting affidavits fail to allege any facts indicating that the dismissal of the information was either a favorable determination or that the dismissal implied his innocence. The dismissal of a legally insufficient information neither bars re-prosecution by the People *(see, People v Nuccio, supra,* at 104; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 170.30, at 61), nor does the failure to re-prosecute imply plaintiff's innocence *(see, Colon v City of New York, supra,* at 84). Hence, we find that the complaint with supporting affidavits is insufficient to sustain a cause of action for malicious prosecution since City Court's dismissal of the information as "insufficient" neither terminated the criminal proceeding nor adjudicated its merit in plaintiff's favor *(see, Ryan v New York Tel. Co., supra,* at 504-505; *MacLeay v Arden Hill Hosp.,* 164 AD2d 228, 230-231, *lv denied* 77 NY2d 806; *Kenyon v State of New York,* 118 AD2d 942, 944).

Accordingly, as plaintiff failed to sustain his burden of showing that the final disposition fairly implied his innocence, Supreme Court erred in denying defendants' motion to dismiss the complaint.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.