■ Dorothy Wolosin, Respondent, v Mary Campo et al., Appellant. [635 NYS2d 50] —In an action to recover damages for malicious prosecution, the defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 27, 1994, as denied their cross motion for summary judgment, and (2) from an order of the same court, entered January 13, 1995, which granted the plaintiff's motion to strike their answer, awarded costs to the plaintiff, directed the parties to settle judgment as to liability, directed a trial on damages upon the filing of a note of issue, and denied their cross motion for reargument.

Ordered that the appeal from so much of the order entered January 13, 1995, as denied the defendants' cross motion for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 27, 1994, is reversed insofar as appealed from, on the law, the defendants' cross motion for summary judgment is granted, the complaint is dismissed, and the order entered January 13, 1995, is vacated; and it is further,

Ordered that the defendants are awarded one bill of costs.

It is well settled that in order to recover damages for malicious prosecution, a plaintiff must establish that the underlying criminal action was resolved in her favor *(see, Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425). Here the criminal charges against the plaintiff were dismissed pursuant to CPL 170.40. A dismissal pursuant to this provision is neither an acquittal nor a conviction. Instead, it leaves the question of guilt or innocence unanswered. Thus, as a matter of law, there was no favorable termination, and the dismissal barred the instant suit *(see, Manno v State of New York,* 176 AD2d 1222; *MacLeay v Arden Hill Hosp.,* 164 AD2d 228, 230; *Jackson v County of Nassau,* 123 AD2d 834; *Miller v Star,* 123 AD2d 750; *see also, Ryan v New York Tel. Co.,* 62 NY2d 494, 504). Sullivan, J. P., Thompson, Krausman and Florio, JJ., concur.