■ LYDIA GALARZA, Respondent, v WALGREEN EASTERN COMPANY, INC., Appellant. [653 NYS2d 577] —Order, Supreme Court, New York County (Carol Huff, J.), entered November 1, 1995, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We reject defendant supermarket's contention that there is no evidence from which a jury could infer that it had constructive notice of the dangerous condition that allegedly caused plaintiff's fall, where plaintiff's bill of particulars, deposition testimony and opposing affidavit alleged the "whole" aisle in which she fell was covered with, among other things, wet and dry green liquid and foot marks indicating that the liquid had been "stepped on" (*see, Negri v Stop & Shop,* 65 NY2d 625; *Salaam v City of New York,* 226 AD2d 173; *cf., Gordon v American Museum of Natural History,* 67 NY2d 836, 838). Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.

■ JAMES PACHOLKA, Respondent, v ZORAN KOZIC, Appellant, et al., Defendants. [653 NYS2d 344] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered November 1, 1995, which denied defendant Kozic's motion to amend and supplement his answer to include a counterclaim alleging malicious prosecution, and order of the same court and Justice entered on or about June 25, 1996, which, to the extent appealable, denied defendant Kozic's motion to renew, unanimously affirmed, without costs.

In a malicious prosecution action, "[p]laintiff * * * bears the burden of establishing that the underlying criminal action terminated favorably to him [citations omitted]. A criminal proceeding terminates favorably to the accused, for purposes of a malicious prosecution claim, when the final disposition of the proceeding involves the merits and indicates the accused's innocence" (*MacFawn v Kresler,* 88 NY2d 859, 860). Defendant failed to meet this burden where he merely alleged that the criminal complaint against him had been "dismissed". Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.