■ JILL M. REINHART, Respondent, v JESSE C. JAKUBOWSKI, Appellant. [657 NYS2d 802] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered August 9, 1996 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.

In December 1993, defendant signed a criminal information charging plaintiff with unauthorized use of a motor vehicle in the third degree. The charge was later dismissed at the request of the prosecutor "in the interest of justice" (CPL 170.40). Plaintiff thereafter commenced this action against defendant for false arrest and malicious prosecution. Following receipt of plaintiff's verified bill of particulars, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion. Defendant appeals.

Turning first to plaintiff's malicious prosecution claim, it is well settled that she "bears the burden of establishing that the underlying criminal action terminated favorably to [her]" (*MacFawn v Kresler*, 88 NY2d 859, 860; *see, Hollender v Trump Vil. Coop.*, 58 NY2d 420, 425-426; *Wolosin v Campo*, 222 AD2d 432, *lv dismissed in part, lv denied in part* 88 NY2d 952). "A criminal proceeding terminates favorably to the accused * * * when the final disposition of the proceeding involves the merits and indicates the accused's innocence" (*MacFawn v Kresler*, *supra*, at 860). Dismissal of a criminal charge on the motion of a prosecutor made in the interest of justice "is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the question of guilt or innocence unanswered" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 504-505).

We find the certificate of disposition from the Town of Highland Justice Court indicating that the charge was dismissed in the interest of justice at the request of the prosecutor sufficient to demonstrate that the matter was not resolved on the merits in plaintiff's favor (*see, Cobb v Willis*, 208 AD2d 1155, 1157). In view of plaintiff's failure to come forward with facts establishing that the dismissal implied her innocence (*see, MacFawn v Kresler*, 214 AD2d 925, 926, *affd* 88 NY2d 859) or that the charge lacked a reasonable foundation (*see, Ward v Silverberg*, 85 NY2d 993, 994; *Cobb v Willis, supra*, at 1157), Supreme Court should have granted defendant's motion for

summary judgment dismissing the malicious prosecution cause of action.

We also find that plaintiff's cause of action for false arrest should have been dismissed. Plaintiff claims that she was under arrest from the time she was issued a criminal summons directing her to appear in Town Justice Court until the time the charge was dismissed. We disagree. CPL 130.30 authorizes a court to issue a criminal summons *in lieu* of an arrest warrant and "contemplates [the] defendant's appearance in obedience to process, rather than by physical custody" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 130.10, at 359). We find, therefore, that plaintiff was never arrested. Since it is also undisputed that plaintiff was never taken into actual custody (*see, Kramer v Herrera*, 176 AD2d 1241) nor subjected to other police intrusion of such magnitude that her liberty of movement was significantly interrupted (*see, People v Jones*, 172 AD2d 265, 266, *lv denied* 78 NY2d 923), her claim for false arrest must fail.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.