OPINION OF THE COURT
James P. King, J.
On June 5, 1996, claimant was driving a rental truck on the *227 New York State Thruway when he was pulled over by State Police Trooper Steven Margini. After he was stopped,[1] claimant was asked if he had any contraband in his vehicle. He replied that he did not but that there were two licensed handguns in the back of the truck. He gave the guns to the Trooper and also handed the officer a pistol permit. Claimant was handcuffed, taken to the State Police barracks, fingerprinted, and charged with two counts of criminal possession of a weapon. An appearance ticket was issued, and the information subsequently completed by the arresting officer stated, “At the time of arrest the defendant did not possess a valid pistol permit”. Claimant was thereafter offered an adjournment in contemplation of dismissal but he refused because “it implied that I had broken the law when I had not.” On August 26, 1996, the charges against claimant were dismissed “in interest of justice”.
(Unrefuted submissions to the court establish that claimant presented a valid permit to the officer at the time of his arrest and thus there was no probable cause for the arrest.) The only remaining issue is whether dismissal of the criminal proceeding in the interest of justice (CPL 170.40) is a termination in favor of the accused so as to support a claim for malicious prosecution. A review of the relevant case law reveals that this is not a question which can be easily answered.
Early on, in the late 1890’s, the Court of Appeals took a very liberal approach, stating that with respect to a cause of action for malicious prosecution, the requirement of favorable termination “is a mere technical matter, in no way concerning the merits of the action,” and consequently, that any termination other than outright conviction was sufficient to support the action for malicious prosecution and permit proof on the issue of probable cause (Robbins v Robbins, 133 NY 597, 600). The Court of Appeals stated (at 599-600): “[W]here the criminal proceeding is terminated favorably to the accused, or without his conviction, so that there can be no further proceeding upon the complaint or indictment, and no further prosecution of the alleged offense, without the commencement of a new proceeding, then there has been a sufficient termination thereof to enable him, proving the other requisite facts, to maintain an action for malicious prosecution. It cannot, in reason, make any difference how the criminal prosecution is terminated, provided it is terminated, and at an end.”
*228 This standard was modified in the first part of this century when, in Halberstadt v New York Life Ins. Co. (194 NY 1, 11), the high Court indicated that a favorable termination is one that results from “judicial action in favor of the accused for lack of merits or because of a withdrawal or abandonment of it by the prosecuting party”. In its decision, the high Court viewed Robbins as being restricted to situations where there was “termination as the result of judicial consideration and decision” (supra, at 14). The Court also observed that termination by agreement or settlement could not support a malicious prosecution action (supra).
In Levy’s Store v Endicott-Johnson Corp. (272 NY 155) the standard established in Halberstadt (supra) was articulated as follows: “[W]here a proceeding has been determined in favor of the accused by judicial action of the proper court or official in any way involving the merits or propriety of the proceeding or by a dismissal or discontinuance based on some act chargeable to the complainant, as his consent or his withdrawal or abandonment of his prosecution, a foundation in this respect has been laid for an action of malicious prosecution.” (Supra, at 162.) This type of termination, the Court held (at 162), is “of such a character as establishes or fairly implies lack of a reasonable ground for the prosecution.” “Where, however, the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties or solely by the procurement of the accused as a matter of favor or as the result of some act, trick or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action.” (Supra.) Interestingly, in a comment that appears to intertwine the elements of favorable termination and probable cause, the Court also added, “The underlying distinction which leads to these different rules is apparent. In one case, the termination of the proceeding is of such a character as establishes or fairly implies lack of a reasonable ground for the prosecution. In the other case, no such implication reasonably follows.” (Supra.)
A number of the rulings on types of terminations that have been considered “favorable” or “unfavorable” for these purposes were summarized in Howland v State of New York (127 Misc 2d 1015) by former Judge Thomas J. Lowery, Jr. This list has been updated and expanded below:
*229 Terminations “Favorable” to the defendant
Acquittal
self-evident
Dismissal based on some act of the plaintiff,[2] such as discontinuance, withdrawal, or abandonment of the prosecution. See below.
Levy’s Store v Endicott-Johnson Corp., 272 NY 155 (1936), supra; Campo v Wolosin, 211 AD2d 660 (2d Dept 1995); Brown v Brown, 87 AD2d 680 (3d Dept 1982); Whitmore v City of New York, 80 AD2d 638 (2d Dept 1981); Lenehan v Familo, 79 AD2d 73 (4th Dept 1981)
Dismissal for insufficiency. See below.
CPL 170.30 (1) (a); 170.35 (1) (a); 180.70 (4)
Melito v City of Utica, 210 AD2d 888 (4th Dept 1994); Robbins v Robbins, 133 NY 597 (1892), supra; Reit v Meyer, 160 App Div 752 (1st Dept 1914)
Dismissal of appearance ticket because no accusatory instrument is filed.
CPL 100.05
Allen v Town of Colonie, 182 AD2d 998 (3d Dept 1992)
Dismissal “with prejudice”.
Gilleran v Town of Yorktown, 206 AD2d 350 (2d Dept 1994)
Failure to comply with speedy trial requirements. See below.
CPL 30.30
Vitellaro v Eagle Ins. Co., 150 AD2d 770 (2d Dept 1989); Brown v Town of Henrietta, 118 Misc 2d 133 (Sup Ct 1983)
Terminations that may be “Favorable” or not depending on circumstances
Dismissal in the interest of justice. See below.
CPL 170.40
Reinhart v Jakubowski, 239 AD2d 765 (3d Dept 1997); Hankins v Great Atl. & Pac. Tea Co., 208 AD2d 111 (1st Dept 1995); Brown v Brown, 87 AD2d 680 (3d Dept 1982), supra; Loeb v Teitelbaum, 77 AD2d 92, amended 80 AD2d 838 (2d Dept 1981); Brown v Town of Henrietta, 118 Misc 2d 133 (Sup Ct 1983), supra
Terminations that are not “Favorable” and will not support a malicious prosecution action
Adjournment in contemplation of dismissal.
CPL 170.55
Hollender v Trump Vil. Coop., 58 NY2d 420 (1983); Malanga v Sears, Roebuck & Co., 109 AD2d 1054 (4th Dept 1985); Lewis v Counts, 81 AD.2d 857 (2d Dept 1981)
Agreement, consent, compromise, settlement, or plea bargain.
Ward v Silverberg, 85 NY2d 993 (1995), affg 206 AD2d 522 (2d Dept 1994); Zebrowski v Bobinski, 278 NY 332 (1938); Levy’s Store v Endicott-Johnson Corp., 272 NY 155 (1936), supra; Halberstadt v New York Life Ins. Co., 194 NY 1 (1909), supra; York v State of New York, 138 ÁD2d 964 (4th Dept 1988)
*230 [[Image here]]
Heaney v Purdy, 29 NY2d 157 (1971)
“Dismissal” that is unexplained or where colloquy with Judge does not indicate that the merits of the action were considered.
Pacholka v Kozic, 236 AD2d 265 (1st Dept 1997); Delello v State of New York, 221 AD2d 1010 (4th Dept 1995); Ward v Silverberg, 206 AD2d 522 (2d Dept 1994), affd 85 NY2d 993 (1995)
Dismissal as a result of an act, trick or device by the defendant[3] which prevents consideration by the court.
Levy’s Store v Endicott-Johnson Corp., 272 NY 155 (1936), supra; Halberstadt v New York Life Ins. Co., 194 NY 1 (1909), supra
Dismissal based on prosecutor’s withdrawal of charges. See above.
Stay v Horvath, 177 AD2d 897 (3d Dept 1991); Mondello v Mondello, 161 AD2d 690 (2d Dept 1990)
Dismissal for insufficiency. See above.
CPL 170.30 (1) (a); 170.35 (1) (a)
Kleibert v McKoan, 228 AD2d 232 (1st Dept 1996); Testa v Federated Dept. Stores, 118 AD2d 696 (2d Dept 1986); MacFawn v Kresler, 88 NY2d 859 (1996), affg 214 AD2d 925 (3d Dept 1995)
Dismissal in the interest of justice. See above.
CPL 170.40
Ryan v New York Tel. Co., 62 NY2d 494 (1984); DiCecilia v Early, 234 AD2d 335 (2d Dept 1996); Wolosin v Campo, 222 AD2d 432 (2d Dept 1995); Cobb v Willis, 208 AD2d 1155 (3d Dept 1994); Allen v Town of Colonie, 182 AD2d 998 (3d Dept 1992); Kramer v Herrera, 176 AD2d 1241 (4th Dept 1991); Manno v State of New York, 176 AD2d 1222 (4th Dept 1991); MacLeay v Arden Hill Hosp., 164 AD2d 228 (3d Dept 1990); Miller v Star, 123 AD2d 750 (2d Dept 1986)
Failure to comply with speedy trial requirements. See above.
CPL 30.30
Witcher v Children’s Tel. Workshop, 187 AD2d 292 (1st Dept 1992)
Prohibition of separate prosecution of joinable offenses.
CPL 40.40
Howland v State of New York, 127 Misc 2d 1015 (Ct Cl 1985), supra
With regard to certain types of termination, there is uniform agreement that they do, or do not, provide sufficient indication of innocence to support a malicious prosecution action. With respect to dismissals made “in the interest of justice” (CPL 170.40 [1]), however, there have been, and continue to be, differences of opinion, with certain courts holding that they are unfavorable as a matter of law, thus acting as an absolute bar *231 to a subsequent action for malicious prosecution, while other courts hold that the circumstances giving rise to the ruling must be considered to determine if the action or proceeding was concluded in the accused’s favor.
Interestingly, the Court of Appeals ruling that is most frequently cited in support of the proposition that a dismissal in the interest of justice acts as an absolute bar was made in a case where the issue was collateral estoppel, not the viability of a malicious prosecution action. The plaintiff in Ryan v New York Tel. Co. (62 NY2d 494, supra) was dismissed from his employment when security investigators observed him removing company property. He was also charged with petit larceny, but that criminal charge was ultimately dismissed “in interest of justice”. The employee then commenced an action for malicious prosecution. He also sought unemployment insurance benefits, which — after a full hearing — were denied on the ground that he had, in fact, stolen company property. Following that administrative determination, the employer raised collateral estoppel as a defense in the malicious prosecution action. Reversing the lower courts, the Court of Appeals held that the issue of probable cause had been conclusively determined by the administrative proceeding. After reviewing a number of factors that, in the Court’s view, proved the employee had had a “full and fair opportunity” to litigate the issue, the following comment was made: “Finally, the eventual dismissal of the criminal charges on the motion of the prosecutor ‘in the interest of justice’ does not constitute an adjudication of the veracity of the receipts or of Ryan’s innocence of the charges. Consequently, it in no way undermines the force and effect of the administrative determination. A dismissal ‘in the interest of justice’ is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the question of guilt or innocence unanswered.” (Supra, at 504-505.) This ruling has been accepted by many lower courts as also answering, in the negative, the question of whether such terminations can ever provide the basis of an action for malicious prosecution.
The Court of Appeals has not directly addressed the issue in the context of a malicious prosecution where the underlying action has been dismissed in the interest of justice, but its comments in a subsequent memorandum decision can be read as supporting the view that such a dismissal is, as a matter of law, not favorable to the accused. In Ward v Silverberg (85 NY2d 993, supra), charges of petit larceny were dismissed “on consent” after a colloquy between court and counsel. Citing to *232 both Halberstadt and Hollender (supra), the Court stated: “This Court has consistently held that a criminal action is ‘terminated in the accused’s favor’ for purposes of a malicious prosecution claim where a judicial determination of the accused’s innocence on the merits of the action has been made”. (Supra, at 994.) The circumstances of the dismissal were then reviewed, with the Court noting several comments made by the trial court in a colloquy and observing that the plaintiff had failed to prove either that there was a determination on the merits “or that the prosecutor lacked a reasonable foundation for the charges” (supra). “[W]hat is evident from the record is that the interests of justice were best served by a dismissal of the criminal prosecution — a termination of the proceeding which is insufficient to sustain a malicious prosecution action.” (Supra, citing Ryan v New York Tel. Co., 62 NY2d 494, supra.) This decision actually exemplifies both of the approaches taken by lower courts in ruling on the question at issue here. On the one hand, the Court reviewed and considered the circumstances underlying the dismissal to determine the intent of the trial court and the reason for dismissal. On the other hand, there is a flat statement that a dismissal made in the interest of justice is, without exception, insufficient to support a malicious prosecution action. The critical question, for the purposes of the instant case, is whether the Court of Appeals would have reviewed the circumstances underlying the dismissal if it had been based on CPL 170.40 rather than “on consent”.
An early decision that most directly supports the view that the circumstances leading to a dismissal made in the interest of justice can support a malicious prosecution action is Loeb v Teitelbaum (77 AD2d 92, amended 80 AD2d 838, supra), a decision which predated the Court of Appeals opinion in Ryan (supra) but which some courts consider to remain viable. In Loeb, the defendants had rejected an offer of adjournment in contemplation of dismissal and the trial court subsequently dismissed the charges — apparently, although not expressly, in the interest of justice — after the prosecutor failed to produce the necessary witnesses on the day set for trial. The Second Department held that this termination was sufficient on the merits “because it implies a lack of reasonable ground for the prosecution” (supra, at 101). In reaching this conclusion, the Court stated that criminal defendants should not be forced to resist the dismissal of charges against them in order to preserve their right to a tort remedy. After Ryan was decided by the Court of Appeals, however, the Second Department has *233 declined to review the circumstances underlying a dismissal made in the interest of justice, holding that such termination is not an indication of innocence and “cannot, as a matter of law, constitute a resolution favorable to the accused” (Miller v Star, 123 AD2d 750, 751, supra; DiCecilia v Early, 234 AD2d 335, supra; Wolosin v Campo, 222 AD2d 432, supra). The Fourth Department has made similar rulings (Kramer v Herrera, 176 AD2d 1241, supra; Manno v State of New York, 176 AD2d 1222, supra).
The First Department initially rejected the approach taken in Loeb (supra), finding it “contrary” to the Court of Appeals ruling in Ryan (supra; Witcher v Children’s Tel. Workshop, 187 AD2d 292, 294, supra), but later returned to the approach of considering the underlying circumstances, holding that where the action or proceeding underlying a malicious prosecution claim was dismissed in the interest of justice, “the court must look beyond that designation and consider the actual basis for the decision” (Hankins v Great Atl. & Pac. Tea Co., 208 AD2d 111, 113, supra). In reaching this holding, the Court concluded that Ryan was not “intended to establish that, as a matter of law, a dismissal in the interest of justice bars a subsequent claim for malicious prosecution” (supra). “[S]uch an interpretation would lead to an illogical and manifestly unfair result in the instant case. Such a rule would penalize those who are charged falsely as they would be constrained to proceed to trial at some financial, emotional and likely professional expense in order to be found not guilty. Under this interpretation of Ryan, the only people who could succeed on a claim for malicious prosecution would be those who, because the arrest was questionable, would proceed to trial and judgment, while those whose arrests were truly and obviously invalid, would have the matter disposed of ipso facto and without litigation.” (Supra, at 114.) The opinion goes on to provide a “correct” reading of Ryan, which it contends has been “misapplied fairly consistently” (supra, at 115) and to distinguish the case before it from those cases, from its own and other departments, that appeared to hold termination in the interest of justice to be an absolute bar.
It is, of course, the rulings of the Third Department which must be of greatest concern to this court. Prior to the Court of Appeals decision in Ryan (62 NY2d 494, supra), this court expressly agreed with the approach taken in Loeb (supra) and considered all of the available facts that might explain the true basis of a dismissal made in the interest of justice (Brown v *234 Brown, 87 AD2d 680, supra). In that case, the Court concluded that although the dismissal was made in the interest of justice, it was also sought by the prosecutor and, thus, that “it cannot be said at this juncture that as a matter of law the termination of the criminal proceeding does not fairly imply a lack of reasonable ground for the prosecution” (supra, at 681).
This approach was rejected by the Third Department after Ryan (supra) was decided, and the view that such terminations constitute an absolute bar to any subsequent claim of malicious prosecution was adopted (MacLeay v Arden Hill Hosp., 164 AD2d 228, 231, supra). In that opinion, the Court stated (at 231), “To the extent that our holding in Brown v Brown (87 AD2d 680) is to the contrary, it is no longer valid in light of the Court of Appeals clear and unequivocal language in the Ryan case.”
More recently, the Third Department has indicated that its decision in Brown (supra) might not be fully invalidated. In Cobb v Willis (208 AD2d 1155, supra), the underlying criminal action had been dismissed in the interest of justice, pursuant to CPL 170.40. The Court repeated the standard statement that such a termination cannot support a claim for malicious prosecution, citing to Ryan and MacLeay (supra), but added: “No circumstances have been presented here to establish that there were no reasonable grounds for the prosecution to be commenced. Also, we have no indication here that the prosecutor sought a dismissal of the criminal complaint so as to implicate our holding in Brown v Brown (87 AD2d 680, 681).” (Supra, at 1156.) Finally, in its two most recent cases, the Third Department appears to be applying — simultaneously— both standards to determine if there has been a favorable termination.
In MacFawn v Kresler (214 AD2d 925, affd 88 NY2d 859, supra), the cause of action for malicious prosecution was dismissed because the complaint was “insufficient” (CPL 170.30 [1] [a]; 170.35 [1] [a]), which was not an adjudication on the merits and would not bar reprosecution. Although that would, under MacLeay (supra), be sufficient, the Court added: “Even ‘lookting] beyond that designation and consider[ing] the actual basis for the decision’ (Hankins v Great Atl. & Pac. Tea Co., 208 AD2d 111, 113), we note that plaintiffs supporting affidavits fail to allege any facts indicating that the dismissal of the information was either a favorable determination or that the dismissal implied his innocence.” (Supra, at 926.)
More recently, in Reinhart v Jakubowski (239 AD2d 765, supra), where the underlying action was dismissed in the inter *235 est of justice, Ryan (supra) was cited for the proposition that such a dismissal leaves the question of guilt or innocence unanswered. However, there was also further discussion in which the Court cited MacFawn (supra) and noted that the plaintiff failed “to come forward with facts establishing that the dismissal implied her innocence” (at 803). This is most reasonably read to suggest that if the plaintiff had produced such facts, the outcome might be different despite the designation of the reason for dismissal.
If this were a case, similar to many of those discussed above, in which the claimant had also been unsuccessful in establishing that there was no probable cause for the prosecution, it would perhaps be easy to avoid dealing with the question of whether a dismissal in the interest of justice can, in some circumstances, be “favorable” to the accused. This is an area of law that is uncertain and quite possibly changing.[4] Here, however, claimant has succeeded in proving that the prosecution was undertaken without probable cause, so the issue must be faced.
In the two most recent Third Department decisions, the result was the same whether the Court considered such a termination to be an absolute bar or took the time to probe the true basis of the dismissal to determine if it was based on some assessment of the accused’s innocence. In the instant case, unfortunately, there is no evidence now before the court to explain why the charge against claimant was dismissed. There is no transcript of the court proceeding, nor has claimant or any other participant submitted a firsthand account of what transpired at court prior to the dismissal. On the other hand, given the absence of any probable cause for the arrest and charge (accepting, as we must, claimant’s statement that he *236 immediately produced the newer valid pistol permit), it is at least likely, if not probable, that the Trial Judge dismissed the charges against claimant because his arrest had been palpably improper. One is reminded of the observation in Hankins v Great Atl. & Pac. Tea Co. (supra, at 114) that those who are charged falsely and whose prosecution is “obviously invalid” will inevitably be the ones barred from seeking a tort remedy if dismissals in the interest of justice are seen as an absolute bar, while those who are subject to simply “questionable” prosecutions, and thus proceed to trial, will be able to recover if the prosecution was malicious.
In view of the apparent trend in Third Department decisions, as well as the logic expressed in the First Department’s decision in Hankins (supra), the court concludes that claimant is entitled to have the reasons underlying dismissal of the charges against him considered to determine whether or not they were based on a consideration of his guilt or innocence.
[Portions of opinion omitted for purposes of publication.]

. Claimant was stopped for a traffic violation later designated as “failure to obey a traffic control device” but otherwise unexplained. Claimant does not contest the legitimacy of the stop.

] “Plaintiff’ refers to the party who initiated the underlying action or proceeding and who is the defendant in the malicious prosecution action.

. Similarly, the term “defendant” on this chart refers to the defendant (accused) in the underlying action or proceeding, who would be the plaintiff or claimant in the malicious prosecution action.

. It is perhaps worth noting that in construing the case law of this State, Federal courts within the Second Circuit have noted how “uncertain New York law may be with respect to dismissals in the interest of justice” (Velasquez v City of New York, 960 F Supp 776, 780 [SD NY 1997]). The Second Circuit has, in turn, adopted the position that such terminations are not, as a matter of law, sufficient to support an action for malicious prosecution (Hygh v Jacobs, 961 F2d 359, 368 [2d Cir 1992]); concluded that New York may permit a dismissal in the interest of justice “to constitute a favorable termination in certain instances” (Pinaud v County of Suffolk, 52 F3d 1139, 1154 [2d Cir 1995], citing Hankins v Great Atl. & Pac. Tea Co., supra); returned to the holding of Hygh v Jacobs and declined to “revisit” the issue (Singer v Fulton County Sheriff, 63 F3d 110, 118, n 7 [2d Cir 1995]); and, finally, frankly acknowledged the “confusion in the case law” which permits varying results that are difficult to reconcile (O’Brien v Alexander, 101 F3d 1479, 1486 [2d Cir 1996]).