■ Robert L. Snead, Respondent, v Aegis Security, Inc., et al., Respondents, and City of Rochester, et al., Appellants. (Appeal No. 2.) — Order unanimously affirmed, with costs. Memorandum: Defendants City of Rochester, Rochester Police Department and Sergeant Kimberly Rose appeal from that part of an order which denied their motion for summary judgment dismissing claims and cross claims sounding in malicious prosecution. They contend that there was no prior judicial proceeding against plaintiff upon which such a cause of action can be based. We disagree.

On January 22, 1981, plaintiff was arrested, handcuffed and transported to the Public Safety Building in Rochester. After remaining in custody for about two hours, he posted bail and was given an appearance ticket (CPL 150.10) directing him to appear at a Criminal Part of the Rochester City Court in

connection with his alleged commission of the crime of criminal trespass. Pursuant to that direction, he appeared on the following morning before a City Court Judge, who dismissed the appearance ticket because no accusatory instrument (CPL 100.05) had been filed.

The Court of Appeals has said that "some sort of prior judicial proceeding is the *sine qua non* of a cause of action in malicious prosecution" (*Broughton v State of New York,* 37 NY2d 451, 457). It is also true that a criminal action may be commenced only by the filing of an accusatory instrument (CPL 1.20, subd 17; 100.05). Since no accusatory instrument was filed against plaintiff in City Court, defendants contend that the causes of action against them for malicious prosecution must be dismissed.

While support for defendants' argument is found in *McClellan v New York City Tr. Auth.* (111 Misc 2d 735), we decline to follow the reasoning of that case. On facts indistinguishable from those here under review, the Second Circuit Court of Appeals ruled that the issuance of appearance tickets to plaintiffs requiring them to appear in the local criminal court provided a sufficient basis for their civil action for malicious prosecution (*Rosario v Amalgamated Ladies' Garment Cutters' Union,* 605 F2d 1228, 1249-1250). We adopt the Second Circuit's reasoning and conclusion.

Under CPL 150.10 an appearance ticket directs a person to appear in a designated local criminal court at a designated future time in connection with the alleged commission of a designated offense. The action of a Judge is required when the person served appears in the local criminal court. Thus the statute contemplates a criminal action and implicates judicial intervention. The appearance ticket issued to this plaintiff required his appearance before a City Court Judge, who ordered his release. In our view, we see here sufficient prior judicial activity to support plaintiff's cause of action for malicious prosecution (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.