■ JAMES A. MORRILL, Respondent, v NORSTAR BANK OF UPSTATE NEW YORK, Appellant.—Mahoney, P. J. Appeal from that part of an order of the Supreme Court (Brown, J.), entered December 18, 1989 in Saratoga County, which denied defendant's motion for summary judgment dismissing the second and third causes of action in the complaint.

Plaintiff maintained two checking accounts with defendant. In February 1988, plaintiff presented two checks to defendant

to close his accounts and received payment. Upon investigation, defendant believed that plaintiff had issued bad checks and criminal charges were instituted against plaintiff. These charges eventually were dismissed "without prejudice". Plaintiff then commenced this action alleging four causes of action which the parties seem to agree allege false imprisonment, defamation and malicious prosecution. Defendant moved to dismiss the false imprisonment and defamation causes (the first and fourth causes of action) on the ground of the Statute of Limitations and the malicious prosecution causes (the second and third causes of action) on the ground of legal insufficiency. Supreme Court granted the motion as to the former two causes and denied the motion, after converting it to one for summary judgment, as to the malicious prosecution causes. This appeal ensued.

Defendant argues that malicious prosecution is not a viable cause of action because the criminal proceeding against plaintiff was not resolved in a manner that indicated innocence. It is settled that a party alleging malicious prosecution must establish that the criminal proceeding terminated in the accused's favor, which requires an indication of innocence *(see, Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425-426). In this case, the dismissal of the criminal charges was not on the merits but resulted from a recitation of the wrong date of the alleged criminal activity. Indeed, the dismissal was "without prejudice" to further charges. The dismissal essentially was for inartful pleading, which is not a resolution indicating innocence *(see, Testa v Federated Dept. Stores,* 118 AD2d 696, 697; *see also, Hayes v Schultz,* 150 AD2d 522). Under such circumstances, the criminal proceeding cannot be said to have terminated in plaintiff's favor as contemplated for purposes of malicious prosecution. Accordingly, summary judgment dismissing the allegations of malicious prosecution should have been granted.

Order modified, on the law, with costs, by reversing so much thereof as denied the motion as to the second and third causes of action in the complaint; motion granted as to said causes of action and said causes of action dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.