■ RICHARD MCDONALD, Appellant, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered January 5, 1990, upon a jury verdict in favor of the defendant, the City of New York, unanimously affirmed, without costs.

Plaintiff, a former police officer, fell down allegedly defective stairs at a 100 year old police stationhouse. Submission of the case on the theory of *res ipsa loquitur* was properly denied as the plaintiff did not establish that his fall was the kind of event which ordinarily does not occur absent someone's negligence. *(See generally, Ebanks v New York City Tr. Auth.,* 70 NY2d 621.) Indeed, the exact cause of plaintiff's fall is unknown. Plaintiff testified that after hearing a suspicious "banging" noise one floor below in the stationhouse, he decided to investigate. While quietly descending the stairs with his back to the stairwell wall so as not to be seen he caught

his foot on some unspecified object that "gave", causing him to fall. As such, we cannot conclude that the facts and circumstances here are such that a jury can simply infer the City's negligence "immediately attendant on the occurrence" *(Griffen v Manice,* 166 NY 188, 196).

Further, the Court properly declined to charge the jury with respect to the maintenance provisions in the Administrative Code and OSHA Regulations where plaintiff failed, in his burden, to demonstrate that such aforesaid provisions were in fact applicable to the City as both an employer and building owner.

The claim that defense counsel's summation remarks deprived plaintiff of a fair trial, is unpreserved for failure to object. *(Gaile v Cillo,* 159 AD2d 398.) In any event we note that defense counsel's language was within the broad bounds of rhetorical comment as these remarks pointed out the insufficiency and the contradictory nature of plaintiff's proof. *(See, Sherman v Ashkinazy,* 157 AD2d 451.)

We have considered the plaintiff's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Kassal and Rubin, JJ.