■ DAVID S. ALLEN, Appellant, v TOWN OF COLONIE et al., Respondents.—Crew III, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 1, 1991 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

On November 3, 1987 plaintiff was involved in a one-car accident in the Town of Colonie, Albany County, when the car he was driving left the highway and struck a tree. As the result of an investigation by officers of defendant Town of Colonie Police Department, defendant Richard Weiss went to

the hospital and issued plaintiff appearance tickets charging him with driving while intoxicated, operating an unregistered vehicle and driving at a speed not reasonable and prudent. A blood sample was taken from plaintiff to determine his blood alcohol content, which later proved to be negative. Consequently, the charges against plaintiff were dismissed. Thereafter, plaintiff commenced this action against defendant Town of Colonie, the police department and Weiss for false imprisonment and malicious prosecution. Defendants answered and moved for summary judgment. In opposition to the motions, plaintiff conceded that his claim for false imprisonment did not lie, but contended that his malicious prosecution claim was viable because defendants lacked probable cause to initiate the criminal proceeding which was terminated in his favor. Supreme Court granted defendants' motions and this appeal ensued.

The elements of an action for malicious prosecution are initiation of a proceeding without probable cause, termination of the proceeding favorably to the plaintiff and malice (see, Colon v City of New York, 60 NY2d 78, 82). In the case at bar, defendants submitted deposition testimony and affidavits of Colonie police officers, who were dispatched to the accident scene, alleging that plaintiff was observed to be somewhat incoherent, that they detected a faint odor of alcohol emanating from his person, and that when they asked plaintiff whether he had been drinking he responded, "No, not much." They further alleged that plaintiff's automobile had failed to negotiate a curve at the accident site and that the road surface was dry and free of any defects where the vehicle had left the road. Based upon those facts, defendants asserted that there existed probable cause to issue the appearance tickets in question. In opposition to the motion, plaintiff asserted that he had consumed no alcoholic beverages on the day of the accident, a fact confirmed by the results of his blood alcohol analysis, and that the accident resulted when he leaned over to pick up a cigarette that he had dropped. As to his alleged conversation with the police concerning his alcohol consumption, plaintiff alleged that he had no recollection of events from the time of the collision until he regained consciousness in the hospital some two months later. It thus appears that there are questions of fact as to whether probable cause existed for the issuance of the appearance ticket for driving while intoxicated. Notably, plaintiff's alleged admission that he had not drunk much on the day of the accident was a matter solely within the knowledge of the moving parties,

given plaintiff's lack of recollection of events following the accident, and should not form the basis for summary disposition *(see, Chang v Fernandez,* 170 AD2d 936).

It follows that there is a question of fact concerning the issue of malice. If, on trial, the fact finder discredits the police officers' statements that they detected an odor of alcohol emanating from plaintiff and that plaintiff stated that he had not been drinking much, then plaintiff would be entitled to a charge that the fact finder might infer that the criminal proceeding was instituted maliciously *(see, Martin v City of Albany,* 42 NY2d 13, 17).

Finally, we agree with Supreme Court that there is a question of fact as to whether the criminal proceedings were terminated in plaintiff's favor.* We observe first that defendants presented no evidence that the proceedings were not terminated in plaintiff's favor and plaintiff was not required to come forward with any proof in that regard. Nevertheless, defendants rely on a statement in plaintiff's affidavit that the appearance tickets were dismissed in the interest of justice. We recognize that a dismissal in the interest of justice pursuant to CPL 170.40 is not sufficient to sustain a cause of action to recover damages for malicious prosecution *(see, MacLeay v Arden Hill Hosp.,* 164 AD2d 228, *lv denied* 77 NY2d 806). However, we are unable to conclude on this record, as a matter of law, that there was a dismissal pursuant to CPL 170.40. Defendants offered no proof in this regard. There is no certified record of the criminal proceedings indicating that such is the case nor is there an order to that effect *(see,* CPL 170.40 [2]). We are unwilling to conclude, based on a lay person's affidavit that the dismissal was in the interest of justice, that the dismissal was, in fact, pursuant to CPL 170.40. It is as likely to assume that the dismissal related to the appearance tickets, which are the only documents relating to the criminal proceeding contained in the record on appeal. Such a dismissal would not have been pursuant to CPL 170.40 since that section relates to accusatory instruments and would not include the appearance tickets in question *(see,* CPL 150.50). If the dismissal was of the appearance tickets, it was, per force of fact, because no accusatory instrument had been nor would be filed *(see,* CPL 100.05) and such a dismissal is

---

* Supreme Court nevertheless granted summary judgment to defendants based on its conclusion that plaintiff failed to raise a question of fact as to whether defendants maliciously and without good cause initiated the criminal proceeding against plaintiff.

sufficient to give rise to a cause of action for malicious prosecution *(see, Snead v Aegis Sec.,* 105 AD2d 1059).

Weiss, P. J., Mikoll and Mercure, JJ., concur.

Casey, J. (dissenting). Probable cause in a malicious prosecution action should be decided by the court as a matter of law when there is no real dispute as to the relevant facts or the proper inferences to be drawn from the facts *(Parkin v Cornell Univ.,* 78 NY2d 523, 529). The relevant facts in this case are those necessary to resolve the critical issue of what defendants knew and reasonably believed when the appearance tickets were issued *(see, Heller v Ingber,* 134 AD2d 733, 734-735). The only evidence relevant to this issue is that contained in the affidavits and deposition testimony of the police officers who responded to the scene of the accident and the officer who issued the appearance tickets. Plaintiff's affidavit in opposition alleges that he had not been drinking prior to the accident and that the accident happened when he was distracted by a cigarette which he had dropped. These allegations, which relate to *plaintiff's* knowledge and belief, are irrelevant to the critical issue of what *defendants* knew and reasonably believed when the appearance tickets were issued, unless the information was communicated to defendants before the criminal proceeding was commenced. Plaintiff has no recollection of the events at the scene of the accident. According to the investigatory officers, plaintiff's only statement was his response of, "No, not much," when asked if he had been drinking. Efforts to interview plaintiff at the hospital were unsuccessful due to his medical condition. Based upon this evidence it is my view that there is no real dispute as to the facts concerning defendants' knowledge and reasonable belief when the appearance tickets were issued and, therefore, the issue of probable cause should be decided as a matter of law.

In a malicious prosecution action, the plaintiff's burden of establishing lack of probable cause cannot be satisfied if the relevant facts and circumstances are such that a reasonably prudent person in like circumstances would believe plaintiff guilty *(Colon v City of New York,* 60 NY2d 78, 82). "Often the problem is whether the prosecutor was justified from the appearance of things in believing the charge to have been warranted. This would embrace situations where a prudent man might believe, from the facts coming to him, another guilty, even though the accused were acquitted or even innocent in fact" *(Munoz v City of New York,* 18 NY2d 6, 10). The record establishes that the appearance tickets were issued on the basis of the following undisputed facts and circumstances:

plaintiff was the only occupant of a vehicle which failed to negotiate a curve and struck a tree; the vehicle sustained a great deal of damage; the accident scene revealed no external factors, such as weather conditions, road conditions or vehicle defect, which might have caused the accident; plaintiff, who was partially ejected from the vehicle, appeared to be irrational or somewhat incoherent; one of the officers detected a faint odor of alcoholic beverage emanating from plaintiff; and when asked whether he had been drinking, plaintiff responded, "No, not much." Based upon these facts and circumstances, a reasonably prudent person would believe plaintiff guilty of driving while intoxicated and at a speed not reasonable and prudent, as charged in the appearance tickets.

At best, plaintiff's evidence raises a question of fact as to whether the officers were mistaken as to their recollection of exactly what plaintiff said at the scene of the accident and their belief that the odor emanating from plaintiff was that of alcoholic beverage. Such mistakes, however, are consistent with probable cause if the officers acted reasonably under the circumstances in good faith (see, Colon v City of New York, supra, at 82). There is no evidence that the officers' conduct herein was anything other than reasonable and in good faith. The fact that the blood alcohol test, which was administered shortly after the appearance tickets were issued, yielded a negative result for the presence of ethyl alcohol is also insufficient to raise a question of fact on the issue of probable cause. In view of the prompt dismissal of the criminal proceeding after the test results were made known, such a subsequent event did not dissipate the probable cause which existed when the appearance tickets were issued (see, Callan v State of New York, 134 AD2d 882, 883-884, revd on dissenting mem below 73 NY2d 731).

In his brief on appeal, plaintiff argues that "a reasonable man in the officer's position would wait for the results of the blood test before arresting [plaintiff]". It appears, however, that because plaintiff was incapable of giving his consent after his arrival at the hospital, the blood test was administered pursuant to the "implied consent" provision of Vehicle and Traffic Law § 1194 (2) (a) (1), which does not permit the procedure suggested by plaintiff.

Supreme Court correctly concluded that in opposition to the evidence submitted by defendants in support of their motions for summary judgment, plaintiff failed to submit any evidentiary proof sufficient to raise a question of fact as to whether

defendants initiated the criminal proceeding maliciously and without probable cause. The order granting defendants' motions should, therefore, be affirmed.

Ordered that the order is reversed, on the law, with costs, and motions denied.