■ WASYLNA HRYCIUK et al., Appellants, v 120 WALL COMPANY, Respondent and Third-Party Plaintiff-Respondent. MILLAR ELEVATOR INDUSTRIES, INC., Third-Party Defendant-Respondent and Fourth-Party Plaintiff-Respondent, et al., Fourth-Party Defendant. [607 NYS2d 28] —Order, Supreme Court, New York County (John Doyle, J.), entered July 9, 1992, which dismissed the complaint at the close of plaintiff's case for failure to present a *prima facie* case, unanimously affirmed, without costs.

Since plaintiff failed to establish that defendant was in exclusive control of the instrumentality of the injury, and plaintiff herself was partially at fault, we agree with the trial court that there was no basis to submit the case to the jury with a res ipsa loquitur instruction *(see, Feblot v New York Times Co.,* 32 NY2d 486, 495-496). Plaintiff also failed to establish the requisite notice of defect under her original theory of liability. Further, there was a failure to provide any adequate notice of the proposed amended theory of liability, to wit; that a fail safe device to the elevator door had been switched off at some time prior to the accident, which essentially contradicted the original allegation of an elevator malfunction. Finally, considering the speculative nature of this evidence, and the circumstances under which it arose, we find no abuse of discretion by the court below in precluding additional testimony from plaintiff's expert who visited the site five years after the incident, that he believed that the switch had been turned off.

We have considered the plaintiff's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach and Ross, JJ.