■ LEOLA WARD, Appellant, v ALAN SILVERBERG, Respondent. [614 NYS2d 757] —In an action to recover damages, *inter alia,* for malicious prosecution, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated July 16, 1992, as granted the defendant's motion for summary judgment dismissing the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was arrested and charged by criminal court information with, *inter alia,* petit larceny, after she allegedly left the defendant's optometry office with a pair of glasses without paying for adjustments the defendant had made on them. When the plaintiff appeared in criminal court on the above charges in May 1989, the prosecutor briefly summarized the facts, after which the court asked, "[s]o, this is basically a civil case?". The defense counsel indicated his agreement and further represented that, "I spoke to the assistant district attorney and I think, in all fairness to this lady, she is here with witnesses who took off from work on her behalf. I absolutely think this case should be dismissed".

After warning the plaintiff that the defendant could still sue her in Civil Court, and without additional discussion of the

facts underlying the charges, the court stated that the case was dismissed "on consent", although the Assistant District Attorney did not verbally indicate his consent. The certificate of disposition indicates that the case was dismissed and sealed.

Thereafter, the plaintiff commenced the instant action, seeking damages, *inter alia,* for malicious prosecution. Upon the defendant's motion for summary judgment, the court dismissed the action, concluding that the plaintiff had failed to establish that the prior criminal proceeding was terminated in her favor. We affirm.

It is well settled that a plaintiff, in an action to recover damages for malicious prosecution, must establish, *inter alia,* that the underlying criminal action was resolved is his or her favor *(see, Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425; *Martin v City of Albany,* 42 NY2d 13, 16; *Witcher v Children's Tel. Workshop,* 187 AD2d 292; *Morrill v Norstar Bank,* 161 AD2d 1096). It is not sufficient if the criminal action was terminated " 'without regard to its merits or propriety by agreement or settlement of the parties or solely by the pro-curement of the accused as a matter of favor' " *(Loeb v Teitelbaum,* 77 AD2d 92, 99, *amended on other grounds* 80 AD2d 838, citing *Halberstadt v New York Life Ins. Co.,* 194 NY 1, 10-11). Rather, the final disposition must be such that innocence is indicated *(see, Hollender v Trump Vil. Coop., supra,* at 425-426; *Morrill v Norstar Bank,* 161 AD2d 1096, *supra).* We have observed in this respect that, to establish a favorable termination, "the plaintiff must prove that the court passed on the merits of the charge or claim against him under circumstances as to show his/[her] innocence or nonliability" *(Pagliarulo v Pagliarulo,* 30 AD2d 840).

Here, the plaintiff failed to meet her burden of showing that the underlying criminal action terminated in her favor *(see, Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425, *supra).* The transcript of the underlying criminal proceeding does not establish that the charges against the plaintiff were consid-ered "on the merits * * * as to show his/[her] innocence or nonliability" *(Pagliarulo v Pagliarulo, supra,* at 840). At best, the colloquy between court and counsel indicates that the dismissal was procured at the behest of defense counsel "as a matter of favor" *(Halberstadt v New York Life Ins. Co.,* 194 NY 1, 10-11, *supra; see also, Witcher v Children's Tel. Work-shop,* 187 AD2d 292, *supra; Miller v Star,* 123 AD2d 750, 751). Moreover, the fact that the prosecutor did not object to the dismissal in this matter does not establish that the matter was terminated in the plaintiff's favor *(cf., Ryan v New York*

*Tel. Co.,* 62 NY2d 494, 504-505; *MacLeay v Arden Hill Hosp.,* 164 AD2d 228, 230). Under the circumstances, the court properly dismissed the action. Mangano, P. J., Thompson and Pizzuto, JJ., concur.

O'Brien, J., dissents and votes to reverse the order and to deny the defendant's motion, with the following memorandum, in which Florio, J., concurs. I find that the evidence in the record presents a triable issue of fact as to whether the termination of the underlying criminal proceeding was in the plaintiff's favor. Accordingly, I would reverse, deny the defendant's motion for summary judgment, and reinstate the complaint.

The rule is well established that a termination is considered favorable to the plaintiff when it is "of such a character as establishes or fairly implies lack of a reasonable ground for [the plaintiff's] prosecution" *(Halberstadt v New York Life Ins. Co.,* 194 NY 1, 11; *see also, Loeb v Teitelbaum,* 77 AD2d 92, *amended* 80 AD2d 838; 59 NY Jur 2d False Imprisonment, § 62). The plaintiff has presented sufficient evidence that the termination of the proceeding against her falls within this rule to defeat a motion for summary judgment. It can reasonably be inferred, based upon this record, that there was insufficient evidence of criminal liability to support continued prosecution of the charges *(see, e.g., Levine v Gurney,* 149 AD2d 473; *Chmielewski v Smith,* 73 AD2d 1053; *see generally,* Restatement [Second] of Torts § 660).

When the prosecutor explained to the court that this was essentially a dispute over the plaintiff's refusal to pay for additional repairs to prescription glasses which she had purchased, the court remarked that this was "basically a civil case", and advised the plaintiff that a dismissal of the charges would not preclude the defendant from seeking a remedy in Civil Court. The court dismissed the charges "on consent" in the absence of any indication by the prosecutor that the charges would be pursued. The prosecutor did not have any witnesses in court nor did he have a corroborating affidavit from the defendant. At the very least, the prosecutor's "failure to proceed to the merits compels an inference of such an unwillingness or inability to do so as to imply a lack of reasonable ground for the prosecution" *(Loeb v Teitelbaum, supra,* at 101).

My colleagues suggest that the criminal charges were dismissed as a favor to the plaintiff, thereby invoking the rule that a termination procured by the plaintiff as a result of

settlement, compromise, or favor, cannot provide a foundation for an action to recover damages for malicious prosecution *(see, Halberstadt v New York Life Ins. Co.,* 194 NY 1, *supra).* The record here does not establish that the dismissal of the charges was based on a settlement or compromise with the defendant, as he stated in an affidavit that he was not contacted by the prosecutor until after the case was dismissed. Moreover, although the plaintiff's attorney suggested in the first instance that the case should be dismissed, the record indicates that the dismissal was the result of the prosecutor's tacit acknowledgement that this case did not belong in a Criminal Court. Consequently, I do not agree with my colleagues that, as a matter of law, the dismissal was a "favor". Certainly, the plaintiff could not be expected to oppose the dismissal of the charges in order to preserve her right to seek compensation in a malicious prosecution action.

The defendant contends that the proceeding was dismissed in furtherance of justice pursuant to CPL 170.40, and as such is not a favorable termination for malicious prosecution purposes *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 504, *supra).* There is no evidence in this record to support the defendant's claim that the charges were dismissed pursuant to CPL 170.40 *(see, e.g., Allen v Town of Colonie,* 182 AD2d 998), nor do my colleagues rely on that ground to dismiss the complaint.

The requirement that the underlying criminal proceeding terminate in the plaintiff's favor is designed to preclude a plaintiff from succeeding in a tort action based on the ground that she did not commit a particular offense when she is convicted of the same offense in a criminal proceeding *(see, Loeb v Teitelbaum,* 77 AD2d 92, *supra;* 59 NY Jur 2d, False Imprisonment, § 61). Such inconsistent parallel litigation is not a concern here, as the charges against the plaintiff were dismissed, and the record was sealed pursuant to CPL 160.50.

Moreover, at the very least, since the evidence in the record is subject to differing interpretations as to the reasons for the dismissal of the charges against the plaintiff, summary judgment is inappropriate *(see, e.g., Allen v Town of Colonie, supra,* at 998; *Rounseville v Zahl,* 13 F3d 625 [when the grounds for the dismissal of a criminal proceeding are unclear, New York courts consider whether the proceeding was terminated in the plaintiff's favor to be a question of fact]).