■ MILDRED DI SANTO et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents, et al., Defendant. [619 NYS2d 852] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Ruskin, J.), entered July 1, 1992 in Westchester County, inter alia, upon a verdict rendered in favor of certain defendants.

On June 7, 1989 at about 5:25 P.M., plaintiff Mildred Di Santo (hereinafter plaintiff) arrived at Westchester County Airport on a flight from Philadelphia. As she was walking in the rain from the plane to the terminal, she slipped and fell on the wet tarmac, sustaining serious personal injuries. Thereafter, plaintiffs[1] commenced this negligence action against, among others, defendants County of Westchester (the owner of the airport), Pan Am World Services, Inc. (the operator of the airport pursuant to a contract with the County) and Ground Handling, Inc., which, under a contract with Pan Am provided ground services for the various airlines utilizing the airport.[2] At the conclusion of the evidence, Supreme Court dismissed the complaint against the County, and the jury rendered a verdict in favor of the remaining two defendants. Following Supreme Court's denial of plaintiff's motion to set aside the verdict, this appeal ensued.

1. A derivative claim was brought by plaintiff James Di Santo.
2. Plaintiffs also sued three fuel companies and U.S. Air, Inc. The actions were dismissed against the fuel companies by stipulation and against U.S. Air at the close of plaintiffs' case.

Plaintiffs' theory of liability was that plaintiff's fall was caused by a dangerous condition created by defendants' failure to clean up a fuel oil spill. To support this theory, plaintiffs proposed to have a witness demonstrate the fact that petroleum products and water do not mix and that the fuel will float on the water, thereby creating a slippery condition. Supreme Court's refusal to allow this demonstrative evidence was not an abuse of discretion as there was no proof that the demonstration would replicate the conditions existing at the accident scene (see, Uss v Town of Oyster Bay, 37 NY2d 639, 641).

The next issue raised by plaintiffs is that Supreme Court erred in refusing their request for a res ipsa loquitur charge. Such a charge is warranted only where a plaintiff establishes that (1) the event does not ordinarily occur in the absence of someone's negligence, (2) it was caused by an agency or instrumentality within the exclusive control of the defendant, and (3) the event was not due to any voluntary action or contribution on the plaintiff's part (see, Ebanks v New York City Tr. Auth., 70 NY2d 621, 623).

Plaintiff's testimony was that, as she left the plane and was walking toward a terminal building, somebody told her to go to the right, which she did. A few steps later she fell on the tarmac which was wet from an all-day rain. On the critical issue of what caused the fall, plaintiff's proof is far from conclusive as she admitted that she was not looking down to see where she was walking and did not know what caused her to fall. Further, all her witnesses, except one, placed the fuel spill some distance from the point where plaintiff fell. Lacking clear proof as to the cause of her fall foreclosed plaintiff from establishing that it was the kind of event that ordinarily does not occur absent someone's negligence and that her actions did not contribute to it. Thus, we conclude that Supreme Court properly denied plaintiffs' request for a res ipsa loquitur charge (see, Hryciuk v 120 Wall Co., 201 AD2d 254; McDonald v City of New York, 172 AD2d 296, lv denied 78 NY2d 861).

We do agree with plaintiffs, however, that the complaint against the County should not have been dismissed at the close of the evidence since it would have been vicariously liable if the jury had found its agent, Pan Am, negligent (see, Brown v Poritzky, 30 NY2d 289, 292; Donohue v Losito, 141 AD2d 691, lv denied 72 NY2d 810). This error was harmless, however, given the jury's verdict.

Lastly, plaintiffs contend that the jury's verdict, particularly

its finding that Ground Handling was negligent in not having a gatekeeper meet plaintiff's plane to direct passengers but that its negligence was not a proximate cause of the accident, is against the weight of the evidence. To set a verdict aside on this ground it is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial (see, *Campbell v City of Elmira,* 198 AD2d 736). Here, the jury's verdict is not utterly irrational since the evidence supports a finding that the wet and slippery condition of the tarmac at the point where plaintiff fell was caused by natural phenomena over which Ground Handling and Pan Am had no control.

For these reasons, we affirm.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.