■ MYRNA GUZMAN, Respondent, v CITY OF NEW YORK et al., Appellants. [653 NYS2d 143] —In an action, *inter alia,* to recover damages for false arrest and malicious prosecution, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), dated September 5, 1995, as, after a nonjury trial, awarded the plaintiff the principal sum of $35,000 in compensatory damages for malicious prosecution and the principal sum of $100,000 in compensatory damages for false arrest.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and so much of the complaint as asserted causes of action to recover damages for malicious prosecution and false arrest is dismissed.

The defendant police officers responded to a report of child abuse at the home of the plaintiff's mother. When the police arrived, the plaintiff interfered with the course of the police investigation of the plaintiff's sister, the mother of the child reported to be at risk. The plaintiff was charged with assaulting a police officer, resisting arrest, and obstruction of governmental administration. The plaintiff spent two nights in jail before her arraignment and was ultimately acquitted of the criminal charges.

Thereafter, the plaintiff sued the City and the two police officers for false arrest, malicious prosecution, and assault. After a nonjury trial, the court found the defendants liable on all three causes of action. The court awarded the plaintiff damages in the principal sum of $100,000 for false arrest, $35,000 for malicious prosecution, and $40,000 for assault. The defendants do not appeal from the award of damages for assault.

We agree with the defendants that the cause of action to recover damages for malicious prosecution should have been dismissed by the trial court. A cause of action to recover damages for malicious prosecution arises only after, among other things, the plaintiff has been acquitted of the subject charges *(see, Peresluha v City of New York,* 60 AD2d 226). The plaintiff served a notice of claim in April of 1987, more than 6 months prior to the acquittal of the plaintiff on the original charges. The commencement of the action within the statutory time period to timely serve a notice of claim did not cure the defect of premature notice *(see, Vitale v Hagan,* 71 NY2d 955). Since the

time to move for leave to serve a late notice of claim had expired at the time the motion to dismiss was made, the trial court should have dismissed the cause of action to recover damages for malicious prosecution *(see, Vitale v Hagan, supra).*

Further, the defendants established at trial that the plaintiff's arrest was justified. Justification may be established by showing that the arrest was based on probable cause *(see, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). The defendant officers had probable cause to believe that the plaintiff was guilty of obstruction of governmental administration. Accordingly, the trial court should have dismissed the cause of action to recover damages for false arrest.

The defendants' remaining contentions need not be addressed in light of our determination. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.