■ ROBERT TERRY et al., Respondents, v FREDERICK MARION, Appellant. [756 NYS2d 451] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated June 25, 2002, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff, in his capacity as a lieutenant in the Garden City Fire Department, responded to a call that a disabled vehicle was leaking gasoline onto the roadway. When he arrived at the scene, the hood of the vehicle was up, having been opened by the defendant, the owner of the vehicle, to ascertain the source of the leak. As the injured plaintiff looked into the engine compartment, the hood of the car fell onto his head.

The injured plaintiff and his wife commenced this action

seeking damages for the injuries he sustained, asserting in the complaint, inter alia, that he intended to rely upon the doctrine of res ipsa loquitur. The defendant moved for summary judgment dismissing the complaint, arguing that he did not have actual or constructive notice of a defect in the hood of his car and that the doctrine of res ipsa loquitur was inapplicable to the facts of the case. The Supreme Court denied the motion, finding issues of fact as to whether the defendant had notice of a defective condition, and whether res ipsa loquitur was applicable.

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint based upon an issue of fact concerning whether the defendant had notice of a defect in the hood of his car. We note, however, that the doctrine of res ipsa loquitur is inapplicable to the facts of this case (*see Di Santo v County of Westchester*, 210 AD2d 628 [1994]). Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.