■ ANDRE P. CHAPPOTIN, Respondent, v CITY OF NEW YORK, Defendant, and CONSOLIDATED EDISON COMPANIES, Appellant. [933 NYS2d 856]—

Trial counsel is afforded wide latitude in presenting arguments to a jury in summation (*see Califano v City of New York*, 212 AD2d 146, 154-155 [1995]). Where defense counsel remains within the broad bounds of rhetorical comment in pointing out the insufficiency and contradictory nature of a plaintiff's proof, such remarks do not deprive the plaintiff of a fair trial (*McDonald v City of New York*, 172 AD2d 296, 297 [1991], *lv denied* 78 NY2d 861 [1991]). Defense counsel came close to overstepping that line when he argued, inter alia, referring to plaintiff, that "this is a man who has played the system going on 15 years," noting that he had been on disability since 1995; that "[h]ere's someone who doesn't have a concern about getting medical care. He doesn't have a concern about working."

However, plaintiff failed to object to 13 of the 15 comments of which he now complains. The court sustained the two objections that were actually made by plaintiff. Furthermore, the court gave a curative instruction. Plaintiff failed to preserve his objections and the verdict should be reinstated (*see Penn v Amchem Prods.*, 73 AD3d 493 [2010]; *Wilson v City of New York*, 65 AD3d 906 [2009]; *Bennett v Wolf*, 40 AD3d 274 [2007], *lv denied* 9 NY3d 818 [2008]; *Smith v Au*, 8 AD3d 1 [2004]). Concur—Andrias, J.P., Saxe, Catterson and Abdus-Salaam, JJ.

Manzanet-Daniels, J., dissents in a memorandum as follows: I would find that defense counsel overstepped the permissible line of advocacy. Defense counsel argued that plaintiff "is a man who has played the system going on 15 years," further noting that plaintiff had been on disability since 1995; that "[h]ere's someone who doesn't have a concern about getting medical care. He doesn't have a concern about working." Defense counsel made additional comments including, "This is someone who understands how to make his way in the world. He has come here with a story about falling here." Counsel argued, "I submit to you that the truth that you heard from [plaintiff] stopped by the time he was picked up on the corner of 112th Street and Third Avenue. And that everything from that time forward has been designed to create and advance a lawsuit. Money is a huge

motivator. Now, Lord knows it's true, that he is looking for my money. And I don't want to give it. And you shouldn't want to give it when you really evaluate how this case has come to you." Defense counsel further remarked, "This is a classic case. You have been lied to by the plaintiff. There is no nice way to say this. You have been lied to by the plaintiff and his goal is to obtain money."

Counsel's assertions that plaintiff had "played the system," "[had no] concern about working," and had concocted a story about falling just so he could collect a windfall, were highly inflammatory and served to deprive plaintiff of a fair trial (*see McArdle v Hurley*, 51 AD3d 741, 743 [2008] [defense counsel's remark that plaintiff's husband's disability retirement, with 3/4 pay, was evidence that her entire family was seeking to " 'max out in the civil justice system,' so contaminated the proceedings as to deprive the plaintiff of a fair trial"]).

I acknowledge that plaintiff failed to preserve his argument as to the propriety of the summation (*see Bennett v Wolf*, 40 AD3d 274, 275 [2007], *lv denied* 9 NY3d 818 [2008]; *Lucian v Schwartz*, 55 AD3d 687, 689 [2008], *lv denied* 12 NY3d 703 [2009]). Given the egregious nature of the remarks, however, I believe that this Court should reach the issue in the interest of justice. Defense counsel's remarks were not isolated, but constituted a "seemingly continual and deliberate effort to divert the jurors' and the court's attention from the issues to be determined" (*Clarke v New York City Tr. Auth.*, 174 AD2d 268, 278 [1992] [internal quotation marks and citation omitted]) that deprived plaintiff of a fair trial. **[Prior Case History: 2010 NY Slip Op 31845(U).]**