■ YVAN LEMOINE, Respondent, v STEINWAY FITNESS GROUP, LLC, et al., Appellants. [965 NYS2d 371]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Nahman, J.), entered December 22, 2011, which, upon, inter alia, a jury verdict awarding the plaintiff damages in the principal sums of $20,000 for past pain and suffering, $140,000 for future pain and suffering, and $5,000 for past medical expenditures, is in favor of the plaintiff and against them in the principal sum of $165,000.

Ordered that the judgment is affirmed, with costs.

At trial, the Supreme Court improperly excluded from evidence, on relevancy grounds, certain comments the plaintiff posted on a webpage. Those comments were relevant, since they tended to disprove a disputed material fact (*see People v Scarola*, 71 NY2d 769, 777 [1988]; *Ando v Woodberry*, 8 NY2d 165, 167 [1960]). However, the defendants failed to establish that those comments were admissible as "declaration[s] against interest," the only basis on which the defendants sought to have them admitted into evidence (*Basile v Huntington Util. Fuel Corp.*, 60 AD2d 616, 617 [1977]). The defendants' contention that the comments were admissible as prior inconsistent statements is improperly raised for the first time on appeal (*see Louis v Knowles*, 50 AD3d 646, 648 [2008]). The defendants' remaining challenges to the court's evidentiary rulings are without merit, as the proffered evidence was properly excluded as unduly prejudicial, cumulative of other evidence, or pursuant to CPLR 3101 (i) for the failure to disclose it (*see Zegarelli v Hughes*, 3 NY3d 64, 68-69 [2004]; *Abbott v New Rochelle Hosp. Med. Ctr.*, 141 AD2d 589, 591 [1988]).

The jury award for future pain and suffering was not contrary to the weight of the evidence, as it was supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]). Nor did the award for future pain and suffering deviate materially from what would be reasonable compensation (*see Ellis v Emerson*, 57 AD3d 1435, 1436-1437 [2008]; *Kithcart v Mason*, 51 AD3d 1162, 1164-1165 [2008]; *Van*

*Nostrand v Froehlich*, 18 AD3d 539 [2005]). Dillon, J.P., Chambers, Austin and Roman, JJ., concur.