■ Gary Gill, Respondent, v City of New York et al., Appellants. [45 NYS3d 570]—

In an action, inter alia, to recover damages for false arrest,

battery, and malicious prosecution, the defendants appeal from a judgment of the Supreme Court, Kings County (Walker, J.), entered October 22, 2014, which, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, made at the close of the plaintiff's case, and upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $590,000.

Ordered that the judgment is affirmed, with costs.

On June 15, 2007, the plaintiff was arrested and charged with criminal possession of a weapon and resisting arrest. Prior to the termination of the criminal proceeding, the plaintiff commenced this action seeking damages, inter alia, for false arrest and battery. At trial, the defendants' counsel moved in limine to preclude the plaintiff from offering into evidence the certificate of disposition issued in the criminal proceeding, which established his acquittal of the charged offenses. The Supreme Court denied the motion. At the close of all evidence, the court granted the plaintiff's application to conform the pleadings to the proof (see CPLR 3025 [c]) to add a cause of action alleging malicious prosecution. The jury returned a verdict in favor of the plaintiff and awarded damages in the principal sum of $590,000, representing $15,000 for false arrest, $75,000 for battery, and $500,000 for malicious prosecution. The parties subsequently stipulated that the jury's award would be interpreted as awarding $15,000 for false arrest, $500,000 for battery, and $75,000 for malicious prosecution.

On appeal, the defendants contend that the Supreme Court erred in allowing the jury to consider evidence of the plaintiff's acquittal in the criminal proceeding because that acquittal was not relevant to the issue of whether the plaintiff's arrest was supported by probable cause. The defendants further argue that they were unduly prejudiced by the admission of this evidence because it likely colored the jury's view of the officers' credibility. Finally, the defendants contend that the award of $500,000 for battery was excessive.

"In New York, the general rule is that all relevant evidence is admissible unless its admission violates some exclusionary rule. Evidence is relevant if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence" (*People v Scarola*, 71 NY2d 769, 777 [1988] [citation omitted]; *see People v Robinson*, 143 AD3d 744 [2016]; *People v Pearce*, 81 AD3d 856 [2011]; *see also Ando v Woodberry*, 8 NY2d 165, 167 [1960]; *Lemoine v Steinway Fitness Group, LLC*, 106 AD3d 960 [2013]).

To prevail on a cause of action to recover damages for false arrest or imprisonment, "the plaintiff must demonstrate that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement, that the plaintiff did not consent to the confinement and that the confinement was not privileged" (*De Lourdes Torres v Jones*, 26 NY3d 742, 759 [2016]; *see Broughton v State of New York*, 37 NY2d 451, 456 [1975]; *Shaw v City of New York*, 139 AD3d 698, 698-699 [2016]). In an action to recover damages for false arrest based on a warrantless arrest, the defendant has the burden of proving legal justification or probable cause as an affirmative defense (*see Broughton v State of New York*, 37 NY2d at 458; *Nolasco v City of New York*, 131 AD3d 683 [2015]; *Gagliano v County of Nassau*, 31 AD3d 375 [2006]). "The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (*De Lourdes Torres v Jones*, 26 NY3d at 760 [internal quotation marks omitted]; *see Broughton v State of New York*, 37 NY2d at 457; *Shaw v City of New York*, 139 AD3d at 698-699). "Once a suspect has been indicted, however, the law holds that the Grand Jury action creates a presumption of probable cause" (*Colon v City of New York*, 60 NY2d 78, 82 [1983]; *see De Lourdes Torres v Jones*, 26 NY3d at 761-762; *Batten v City of New York*, 133 AD3d 803 [2015]).

Contrary to the defendants' contention, the certificate of disposition (*see* CPL 160.50) was properly admitted as relevant to and probative of the plaintiff's cause of action alleging false arrest, since that cause of action requires proof that the confiner was not privileged (*see generally* 59 NY Jur 2d, False Imprisonment and Malicious Prosecution § 34). Moreover, the evidence was admissible to refute the affirmative defense of legal justification for the arrest (*see Broughton v State of New York*, 37 NY2d at 458). In addition, since "[a] cause of action to recover damages for malicious prosecution arises only after, among other things, the plaintiff has been acquitted of the subject charges" (*Guzman v City of New York*, 236 AD2d 444, 444 [1997]; *see Ward v Silverberg*, 206 AD2d 522 [1994], *affd* 85 NY2d 993 [1995]), the certificate of disposition was also relevant to and probative of that cause of action.

To the extent that the defendants argue that the evidence of the plaintiff's acquittal, even when combined with the parties' contrasting testimony, did not overcome the presumption of

probable cause arising from the indictment, there was a valid line of reasoning and permissible inferences by which the jury, on the basis of the evidence presented at trial, could have rationally reached its verdict on the issue of liability, and its findings were based upon a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Bassett v City of Rye*, 104 AD3d 889 [2013]; *Haynes v City of New York*, 29 AD3d 521 [2006]).

The award of $500,000 for battery did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.