(August 23, 2017)

■ Pedro Acosta, Respondent, v City of New York et al., Defendants. [61 NYS3d 559]—

Appeal from an amended judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated March 31, 2015. The amended judgment, insofar as appealed from, upon a jury verdict in favor of the plaintiff on the issue of liability, the parties' stipulations on the issue of damages, and the denial of the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against the defendant City of New York.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover damages for false arrest and battery against the City of New York and several police officers. The plaintiff alleged in the complaint that on April 16, 1999, he was falsely arrested on a criminal complaint. The plaintiff further alleged that the underlying criminal complaint was voided the following day, and that during the course of a police pursuit leading to the arrest, the police committed a battery upon him by pushing him from the roof of a garage.

A trial was held in 2008. After the trial, the Supreme Court granted the plaintiff's motion for judgment as a matter of law as to his false arrest cause of action, and the jury returned a verdict in favor of the plaintiff as to his cause of action alleging battery by the police officers. Thereafter, the defendants moved pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability with respect to the cause of action alleging battery as contrary to the weight of the evidence and for a new trial, and the court denied the motion. The City appealed, and this Court ultimately determined that the verdict on the issue of liability for battery was contrary to the weight of the evidence and, inter alia, directed a new trial on the issue of liability on that cause of action (see Acosta v City of New York, 84 AD3d 706 [2011]).

The Supreme Court then conducted a second trial in 2014 on the issue of liability on the cause of action alleging battery. After the second trial, the jury again rendered a verdict in favor of the plaintiff. The Supreme Court entered an amended judgment in favor of the plaintiff based on that verdict, the prior verdict as to damages, the parties' two prior stipulations as to damages, and the denial of the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial. The City appeals.

The standard for determining whether a jury verdict is contrary to the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Harris v Marlow, 18 AD3d 608, 610 [2005]; Torres v Esaian, 5 AD3d 670, 671 [2004]; Nicastro v Park, 113 AD2d 129, 132-133 [1985]). Great deference is accorded to the fact-finding function of the jury regarding the credibility of witnesses, as the jury had the opportunity to see and hear the witnesses (see Mc-

*Donagh v Victoria's Secret, Inc.*, 9 AD3d 395, 396 [2004]; *Schray v Amerada Hess Corp.*, 297 AD2d 339 [2002]; *Voiclis v International Assn. of Machinist & Aerospace Workers, Suffolk Lodge No. 1470*, 239 AD2d 339, 339 [1997]). Here, the jury's findings were based upon a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence (*see Gill v City of New York*, 146 AD3d 939, 941-942 [2017]; *Peros v Suffolk County*, 303 AD2d 666 [2003]).

The evidentiary rulings of the Supreme Court that are challenged by the City do not warrant a new trial. The court did not err with respect to the redaction of a probation report that was introduced into evidence (*see Nugent v Diocese of Rockville Ctr.*, 137 AD3d 760, 761 [2016]; *Newark v Pimentel*, 117 AD3d 581 [2014]). The court providently exercised its discretion in limiting the cross-examination of the plaintiff as to his prior identification of a certain police officer, as counsel for the City was permitted to read into the record portions of that prior testimony (*see* CPLR 3117 [a] [1]). The court also providently exercised its discretion in limiting the introduction of evidence regarding the plaintiff's prior criminal convictions (*see Mazella v Beals*, 27 NY3d 694, 711 [2016]). The remaining evidentiary rulings that are now challenged either did not constitute an improvident exercise of discretion (*see id.* at 711), did not prejudice a substantial right of the City (*see* CPLR 2002), or are not properly before us.

The Supreme Court did not err with respect to the verdict sheet that was submitted to the jury or the jury charge. The court properly charged the jury, consistent with the verdict sheet, that the City could be held liable for common-law battery based on the actions of a police officer acting within the scope of his or her duties (*see Holland v City of Poughkeepsie*, 90 AD3d 841, 846 [2011]; *Eckardt v City of White Plains*, 87 AD3d 1049, 1051 [2011]). Further, the verdict sheet and jury charge were consistent with the defense theory of the case, namely, that no police officer committed a battery upon the plaintiff.

The Supreme Court did not improperly curtail the defense summation. In a civil trial, "trial counsel is afforded wide latitude in presenting arguments to a jury in summation" (*Gregware v City of New York*, 132 AD3d 51, 61 [2015]; *see Califano v City of New York*, 212 AD2d 146, 154 [1995]). During summation, an attorney "remains 'within the broad bounds of rhetorical comment in pointing out the insufficiency and contradictory nature of a plaintiff's proof' without depriving the plaintiff of a fair trial" (*Selzer v New York City Tr. Auth.*,

100 AD3d 157, 163 [2012] [emphasis omitted], quoting *Chappotin v City of New York*, 90 AD3d 425, 426 [2011]). At the same time, a trial court may properly limit an attorney from commenting about matters that are not in evidence (*see Zurel U.S.A. v Magnum Realty Corp.*, 279 AD2d 520, 521 [2001]). Here, the court did not improvidently exercise its discretion in sustaining objections to remarks that were not supported by the record (*see id.* at 521). Chambers, J.P., Miller, Barros and Connolly, JJ., concur.