| Bissoon v City of New York |
|:---:|
| 2025 NY Slip Op 30151(U) |
| January 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 401960/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**          PART          05M

*Justice*

-----------------------------------------------------------------------------X

ROGER BISSOON,                                          INDEX NO.          401960/2013

Plaintiff,                           MOTION DATE          N/A

- v -                                     MOTION SEQ. NO.          002

THE CITY OF NEW YORK, JOSEPH FUSCI, RYAN
PADELL, TWO UNIDENTIFIED WHITE JOHN DOE          **DECISION + ORDER ON**
OFFICERS                                                  **MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to _____ DISMISS _____ .

Defendants move for summary judgment pursuant to CPLR §3212, seeking dismissal of all causes of action asserted by Plaintiff Roger Bissoon ("Plaintiff"), including claims for malicious prosecution, false arrest, false imprisonment, assault and battery, negligent hiring, training, and supervision, and violations of federal civil rights. Additionally, Defendants request dismissal of Plaintiff's punitive damages claims. Plaintiff opposes the motion.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Roger Bissoon brings this action to redress alleged wrongs that occurred during his arrest on August 9, 2013. According to Plaintiff, the arrest stemmed from a misunderstanding involving Tyrone Kurry ("Kurry"), who accused Plaintiff of robbing him. Plaintiff asserts that he was subjected to excessive force, falsely arrested, and subsequently detained under circumstances that violated his rights. Following a bench trial, Plaintiff was acquitted of all charges. He then initiated this lawsuit, raising various state tort and federal constitutional claims.

Defendants, in turn, argue that the arrest was justified based on probable cause derived from Kurry's eyewitness statements and Officer Joseph Fusci's ("Officer Fusci") corroborative observations. They contend that Plaintiff's allegations lack credibility and are unsupported by evidence. Additionally, Defendants maintain that Plaintiff has failed to demonstrate a pattern or policy of misconduct that would implicate municipal liability under *Monell*.[1]

---

[1] Under *Monell*, a governmental entity's "own violations" consist of a policy or custom made by lawmakers or by those "whose edicts and acts may fairly aid to represent official policy" (*Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 [1978]).

**401960/2013   BISSOON, ROGER vs. KELLY, RAYMOND**          **Page 1 of 5**
**Motion No.  002**

## ARGUMENTS

As alluded to above, in support of the instant motion, Defendants argue primarily that probable cause existed to arrest Plaintiff based on Kurry's statements and supporting observations by officers on the scene. They further contend that Plaintiff's negligence-based claims are barred as a matter of law because all officers acted within the scope of their employment, and there is no evidence of negligent hiring, training, or supervision. Defendants also argue that Plaintiff has failed to provide evidence of a municipal policy or practice required to sustain a *Monell* claim. Finally, they assert that Plaintiff's inconsistent testimony undermines his credibility, warranting dismissal of his claims, and that punitive damages are inapplicable.

Plaintiff opposes the motion, arguing that genuine issues of material fact preclude summary judgment. He asserts that the officers failed to conduct a reasonable investigation before arresting him, which raises questions about the existence of probable cause. Plaintiff also maintains that his testimony, medical records, and other evidence substantiate his claims of excessive force and wrongful arrest. Regarding *Monell* liability, Plaintiff argues that the City's alleged failure to properly train and supervise officers contributed to the violation of his rights.

## DISCUSSION

Summary judgment is a drastic remedy and will only be granted when the movant establishes, through admissible evidence, the absence of any material issue of fact and entitlement to judgment as a matter of law (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320 [1986]). The evidence must be construed in the light most favorable to the non-moving party, and the court must refrain from weighing evidence or assessing credibility (*Sillman v. Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]). If the movant meets its burden, the opponent must present evidence establishing the existence of a material issue of fact requiring a trial (*Zuckerman v. City of New York*, 49 NY2d 557 [1980]).

### I.     Malicious Prosecution

A claim for malicious prosecution requires the plaintiff to establish four elements: (1) initiation or continuation of a criminal proceeding by the defendant; (2) termination in favor of the plaintiff; (3) lack of probable cause; and (4) malice (*Colon v. City of New York*, 60 NY2d 78 [1983]).

Defendants have met their prima facie burden by demonstrating that the prosecution was initiated based on Kurry's statements and that probable cause arguably existed at the time of Plaintiff's arrest. However, Plaintiff's notice of claim was filed prior to the favorable termination of the criminal proceedings, rendering this claim procedurally deficient (*Guzman v. City of New York*, 236 AD2d 444 [2d Dept 1997]). Moreover, Plaintiff has failed to provide evidence establishing malice sufficient to raise a triable issue of fact. Accordingly, Defendants' motion for summary judgment on the malicious prosecution claim is granted, and the claim is dismissed.

**401960/2013   BISSOON, ROGER vs. KELLY, RAYMOND**
**Motion No.  002**

**Page 2 of 5**

2 of 5

[* 2]

## II. False Arrest and False Imprisonment

False arrest and false imprisonment claims require proof that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged (*Broughton v. City of New York*, 37 NY2d 451 [1975]; *Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]; *Crooks v City of New York*, 189 AD3d 771, 771 [2d Dept 2020]). "Under the common law, a plaintiff may bring suit for false arrest and imprisonment against one who has unlawfully robbed the plaintiff of [their] 'freedom from restraint of movement'" (*De Lourdes Torres v Jones*, 26 NY3d 742, 759 [2016], quoting *Broughton v State of New York*, 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975][other citation omitted]).

Although Defendants have established prima facie evidence of probable cause based on Kurry's accusations and Officer Fusci's corroborative observations, Plaintiff has raised genuine issues of material fact concerning the adequacy of the officers' investigation. Specifically, Plaintiff contends that discrepancies in Kurry's statements and the lack of corroborating physical evidence cast doubt on the reasonableness of the arrest. These factual disputes must be resolved by a trier of fact. Indeed, "In general, the existence or absence of probable cause is a question of fact and becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom" (*Holland v City of Poughkeepsie*, 90 AD3d 841, 845 [2d Dept 2011][internal quotes omitted]). Here, the discrepancies between the Kurry's accusations and Officer Fusci's corroborative observations when set against Plaintiff's account create questions of fact regarding whether the there was probable cause for the arrest.

Accordingly, Defendants' motion for summary judgment on Plaintiff's false arrest and false imprisonment claims is denied.

## III. Assault and Battery

To succeed on a claim for assault and battery, a plaintiff must show that the defendant intentionally placed them in apprehension of harmful contact or used unreasonable force (*Holland v. City of Poughkeepsie*, 90 AD3d 841 [2d Dept 2011]).

Defendants have presented evidence, including hospital records, indicating that Plaintiff sustained only minor injuries. However, Plaintiff has offered testimony and circumstantial evidence suggesting that he was subjected to excessive force during and after his arrest. These allegations, if credited, could support a finding that the force used was unreasonable under the circumstances. Issues of fact regarding the nature and extent of the alleged force preclude summary judgment on Plaintiff's assault and battery claims. Accordingly, Defendants' motion as to these claims is denied.

## IV. Negligent Hiring, Training, and Supervision

Claims for negligent hiring, training, and supervision are barred when employees act within the scope of their employment (*Karoon v. New York City Tr. Auth.*, 241 AD2d 323 [1st Dept 1997]).

**401960/2013  BISSOON, ROGER vs. KELLY, RAYMOND**
**Motion No.  002**

Page 3 of 5

[* 3]

Defendants have established that the officers involved acted within the scope of their employment, and Plaintiff has not introduced evidence to the contrary. Nor has Plaintiff demonstrated that any alleged deficiencies in training or supervision directly contributed to his injuries. Plaintiff has therefore failed to raise a triable issue of fact, and these claims are dismissed.

### V.   *Monell* Liability

Municipal liability under *Monell* requires evidence that a policy or custom caused the alleged constitutional violation (*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 [1978]).

Defendants have met their burden by showing that Plaintiff's allegations of a municipal policy or custom are conclusory and unsupported by evidence. Plaintiff has not identified any specific policy or practice or demonstrated how it caused his alleged injuries. Without such evidence, Plaintiff has failed to raise a triable issue of fact. Therefore, this claim is dismissed.

### VI.   Punitive Damages

Punitive damages are not recoverable against municipalities under New York law (*Sharapata v. Town of Islip*, 56 NY2d 332 [1982]).

Defendants have demonstrated that Plaintiff's claims for punitive damages against individual officers also fail due to lack of evidence of malice or reckless disregard for Plaintiff's rights (*Walker v. Sheldon*, 10 NY2d 401 [1961]). Plaintiff's lack of corroborating evidence further precludes a finding in his favor. Accordingly, these claims are dismissed.

For the foregoing reasons, it is hereby

ORDERED that Defendants' motion for summary judgment is granted to the extent that Plaintiff's claims for malicious prosecution, negligent hiring, training, and supervision, *Monell* liability, and punitive damages are dismissed; and it is further

ORDERED that Defendants' motion for summary judgment is denied to the extent that Plaintiff's claims for false arrest and false imprisonment as well as assault and battery are preserved; and it is further

ORDERED that Plaintiff's remaining claims for false arrest and false imprisonment as well as assault and battery are severed and shall continue; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment dismissing Plaintiff's claims for malicious prosecution, negligent hiring, training, and supervision, *Monell* liability, and punitive damages; and it is further

ORDERED that the parties are directed to appear for an in-person settlement conference in Part 5 of the courthouse located at 80 Centre Street, Room 320, on Thursday February 13, 2025 at 12:00 PM.

This constitutes the decision and order of the court.

20250115135528HKING08E5EDXXED62345A6A01FF6F900266F6A

**1/15/2025**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

401960/2013   BISSOON, ROGER vs. KELLY, RAYMOND
Motion No.  002

Page 5 of 5